THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRENDA DEAN, Defendant-Appellant.

Fifth District   No. 5—83—0348

Opinion filed July 31, 1984.—Rehearing denied September 4, 1984.

G. Edward Moorman, of Groshong, Moorman & Fahrenkamp, Ltd., of East Alton, for appellant.

Don W. Weber, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JOHN M. KARNS delivered the opinion of the court:

Defendant, Brenda K. Dean, appeals from the judgment of the circuit court of Madison County revoking her sentence of probation and imposing a term of imprisonment.

In May 1982, defendant pleaded guilty to the offense of forgery (Ill. Rev. Stat. 1981, ch. 38, par. 17—3(a)(2)) following a charge that she knowingly and with the intent to defraud delivered to a grocery store clerk a check purported to have been made by another. She was sentenced to a period of two years' probation.

In September 1982, the State filed a petition to revoke probation, charging that the defendant violated the terms of her probation in that she knowingly and and unlawfully acquired possession of a Schedule II controlled substance, phenmetrazine (Ill. Rev. Stat. 1981, ch. 56½, pars. 1206(a), (d)(3)), by presentation of altered official prescription forms to a pharmacist, in violation of section 406(b)(3) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56½, par. 1406(b)(3)).

At the probation revocation hearing, Francis E. Meyers, a Wood River police officer, testified that he was contacted by Marsha Bursner, a pharmacist, regarding three prescriptions she had received and which appeared to her to have been altered.

Bursner testified that the defendant presented two prescriptions from Dr. Suresh Chand on separate occasions in June and that both were filled. Among the drugs dispensed on each occasion was "Preludin," which she testified was a manufacturer's name for the generic drug phenmetrazine hydrochloride.

Dr. Chand, defendant's personal physician, testified over objection that he wrote the original prescriptions at issue. In each instance, he testified, he had prescribed and written "Prelu-2" on his prescription pad, and in each instance it was altered to read "Preludin." Dr. Chand also stated that the generic name for "Preludin" is phenmetrazine hydrochloride.

■ Defendant contends that the trial court erred in admitting over objection Dr. Chand's testimony because it violated the physician-patient privilege. In particular, defendant argues that Dr. Chand should not have been required to divulge the specific medication he prescribed, "Prelu-2," because it was contrary to her right to protection from disclosure and an invasion of her right to privacy. We do not agree.

Section 8—802 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 8—802, formerly Ill. Rev. Stat. 1981, ch. 51, par. 5.1), provides in relevant part:

> "Sec. 8—802. Physician and patient. No physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve such patient *** ."

None of the enumerated exceptions are applicable here.

Dr. Chand's disclosure of the prescribed medication does not fall within the ambit of the statute. His testimony did not disclose any information which he had acquired from her. Rather, it is evident that Dr. Chand's testimony merely established a variance between what was prescribed and what was presented to the pharmacist and acquired by the defendant.

■ Defendant also relies on "Illinois Revised Statutes, chapter 51, sec. 5.2" for the proposition that Dr. Chand's testimony was precluded by the psychiatrist-patient relationship. Inasmuch as this section relating to this privilege was repealed by Public Act 80—1508, article II, section 5, effective January 9, 1979 (see Ill. Rev. Stat. 1979, ch. 51, par. 5.2), and defendant has failed to cite other pertinent statutory authority or make argument relating thereto, the issue is waived.

■ Defendant further challenges the sufficiency of the evidence to support her probation revocation. In this regard, she argues that since Dr. Chand's testimony was incompetent and inadmissible evidence the court erred in relying upon it. She also contends that the evidence was insufficient to establish that either "Preludin" or "phenmetrazine hydrochloride" are controlled substances.

In proceedings to revoke probation the State has the burden of going forward with the evidence and proving the alleged violation by the preponderance of the evidence. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(c).) Dr. Chand's testimony was neither incompetent nor inadmissible. It was properly considered as some evidence regarding the issue of unlawful acquisition of a controlled substance.

■ Drs. Chand and Bursner both testified that "Preludin" is a trade name for phenmetrazine hydrochloride. Bursner further testified that "Preludin" is a "Class 2 narcotic" and a controlled substance. Phenmetrazine is a Schedule II controlled substance and so are "its salts." (Ill. Rev. Stat. 1981, ch. 56½, par. 1206(d)(3).) Hydrochloride is defined as "a compound of hydrochloric acid—used esp. with the names of organic bases for convenience in naming salts." (Webster's Third New International Dictionary 1108 (1971).) We believe the record is sufficient to support the trial court's finding that phenmetrazine hydrochloride or "Preludin" are controlled substances.

■ Defendant next contends that her sentence should be vacated because the trial court failed to give her an opportunity to make a statement before sentencing. The sentencing hearing transcript clearly refutes this contention. It contains 12 pages of testimony from the defendant. Although the trial court did not specifically ask her if she wished to make a statement, the allowance of her testimony clearly satisfied the statutory requirement. Ill. Rev. Stat. 1981, ch. 38, par. 1005—4—1(a)(5); *People v. Miller* (1979), 72 Ill. App. 3d 416, 390 N.E.2d 971.

■ Defendant next contends that her sentence should be vacated because the trial court improperly considered a pending theft charge as a basis for its sentence determination. While it is true that the trial court referred twice to the pending theft charge and while it is generally error for a trial court to consider arrests and charges not followed by convictions, it is nevertheless proper to consider such arrests and charges when a convicted defendant has, as here, made an application for probation. (*People v. Andreano* (1978), 64 Ill. App. 3d 551, 558, 381 N.E.2d 783, 789, and cases therein cited.) Mere reference to a pending charge does not, of itself, show the judge's reliance thereon in imposing sentence. (64 Ill. App. 3d 551, 558, 381 N.E.2d 783, 789.) Moreover, at the hearing on defendant's post-trial motion the trial court recognized this principle and further added:

"I wasn't that concerned about it [the theft charge], although I commented on it and stated that I think there are other, certainly other stronger reasons and more clear reasons in the record which indicated that the Defendant is not a good risk for probation, and if that causes any problem, it really did not have any bearing on the sentence. I just commented on it, and the court will specifically disregard it. *** So I don't think it had any great impact or any impact at all really on the sentence imposed by the Court; and that the sentence of the Court is substantially sustained by the other evidence before the Court."

Indeed, the trial court stated that it recognized the defendant's extensive criminal history, noting in particular her three retail theft convictions and two forgery convictions as well as "several other misdemeanor convictions." In short, we find no merit in defendant's contention that she was prejudiced by the trial court's reference to the pending theft charge.

■■ Defendant finally contends that her sentence should be vacated because the trial court improperly considered the specific length of a prior forgery conviction sentence in imposing the instant sentence. Upon her conviction for forgery in 1978, the defendant was sentenced to 28 months' incarceration. In imposing the three-year sentence in the instant case, the court commented that sentences should get progressively more severe for repeat offenders and that it "would make no sense" to give a shorter sentence than the one defendant served for a prior same offense. We find nothing inherently wrong with these comments, nor has defendant cited any authority in support of her conclusion that such comments were improper. The record does not support defendant's assertion that the sentence was not based upon the original offense. The court said,

> "I think a sentence imposed on like felonies seem to give an indication of the history of the defendant in a way. It's just another one of the many things which the Court will look at, and it was certainly not the sole reason the sentence was imposed. It was certainly not even a substantial reason why the sentence was imposed, but it is something which as I stated I looked at along with all the other matters in the case as part of the criminal history *** of the Defendant."

As the State points out, here the sentence imposed was only one year in excess of the minimum for a forgery conviction. despite the fact that it was her third forgery conviction and despite her six other convictions. We find no error as alleged.

For all of the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

JONES and HARRISON, JJ., concur.