THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MAXINE GRAHAM, Defendant-Appellant.

Fourth District   No. 4—83—0826

Opinion filed August 2, 1984.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:
Defendant was convicted by a jury of theft with a prior theft conviction. (Ill. Rev. Stat. 1983, ch. 38, par. 16—1.) She was sentenced to six years' imprisonment, the sentence to run concurrently with the

six-year sentences in Champaign County cause Nos. 83—CF—1323 and 83—CF—959. Defendant appeals from the judgment of the circuit court of Champaign County. We affirm.

The single issue on appeal is whether the trial court erred in sentencing defendant to the maximum extended term of six years' imprisonment for theft with a prior theft without the benefit of a presentence investigation report, given the language of section 5—3—1 of the Unified Code of Corrections. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—3—1.) That section provides:

"A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.

However, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment."

Defendant was convicted of this charge on November 14, 1983. The cause was continued for sentencing to December 20, 1983, and the court services office was directed to conduct a presentence investigation and prepare a presentence report. On December 6, 1983, defendant pleaded guilty to Champaign County causes Nos. 83—CF—959 and 83—CF—1323, both charges of theft with a prior theft conviction. This case was called for sentencing and pursuant to the terms of a plea agreement, she was sentenced in this case and in Nos. 83—CF—959 and 83—CF-1323 to concurrent terms of six years' imprisonment. In addition, Champaign County causes Nos. 83—T—13889, 83—CM—1097, and 83—CF—1475 were dismissed.

While accepting defendant's guilty plea in causes Nos. 83—CF—959 and 83—CF—1323, the following exchange ensued:

"THE COURT: *** I assume there is a waiver of any presentence investigation and report.

[DEFENSE COUNSEL]: That's correct, your honor.

THE COURT: In connection with that, [prosecutor], I'm aware of a prior background here.

[DEFENSE COUNSEL]: Your honor, we would stipulate that the Court is aware of the prior background."

The court then sentenced defendant. Defense counsel stated that the court had not advised defendant of her appellate rights. In response, the court ordered the clerk of the court to file a notice of appeal in this cause.

On appeal, defendant urges that the presentencing report requirement of section 5—3—1 is mandatory, relying on our supreme court's decision in *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416, and that her sentence should be vacated and the cause remanded for a new sentencing hearing to be conducted with the benefit of a presentencing report. Defendant now contends that (1) at no time did she state that she agreed to the imposition of a six-year period of imprisonment, and (2) merely stipulating that the judge knew of the defendant's background did not provide a specific finding for the record as to what the background was. In *Youngbey*, the court held the presentence investigation and report to be a mandatory legislative requirement which cannot be waived, absent agreement between the parties as to the sentence to be imposed. The rationale for finding the report mandatory was that it was not solely for the benefit of the defendant, but also for the enlightenment of the court. Since it was intended to serve as a "useful tool for the sentencing judge," it was not the defendant's "personal right" which could be waived. See *People v. Davis* (1982), 93 Ill. 2d 155, 442 N.E.2d 855.

The State maintains that the exception embodied in the second paragraph of the statute, that of an agreement as to the sentence, applies here. In this regard we note the following exchange:

"THE COURT: Okay. [Prosecutor], there have been certain plea agreements?

[PROSECUTOR]: Yes, your honor. In Case 83—CF—959, my understanding is that the defendant will plead to Count 3 of the indictment, and we would *recommend* to the Court she be sentenced to six years in the Illinois Department of Corrections and be given credit for five days heretofore served, and that she will pay the court costs of $107.80. That sentence is to run concurrently with a six-year sentence in 83—CF—907 and 83—CF—1323. 83—T—13889, 83—CM—1097, and 83—CF—1475 are to be dismissed.

In 83—CF—1323, my understanding is that the defendant will plead to Count 2 of the information. In exchange we *recommend* she be placed in the Illinois Department of Corrections for six years, that she be given credit for seven days heretofore served, that she pay the court costs of $84.20, and, again, this sentence is to run concurrently with a six-year sentence in 83—CF—907 and 83—CF—959. I would state for the record that the court costs in 83—CF—907 are $95.40.

THE COURT: [Defense counsel].

[DEFENSE COUNSEL]: Yes, your honor. That's my under-

standing of the plea agreement.

THE COURT: [Defendant], did you understand the statements of the State's Attorney concerning these agreements?

[DEFENDANT]: Yes.

THE COURT: You've talked to [defense counsel] about those?

[DEFENDANT]: Yes.

THE COURT: So, in fact, those are your agreements?

[DEFENDANT]: Yes." (Emphasis added.)

We construe defendant's responses as a concurrence in the terms of the agreement as stated. We do not deem the situation presented here to be such that waiver of a written presentence report of investigation could not be validly made within the meaning of the statute and consistent with *Youngbey*.

Section 5—3—1 of the Unified Code of Corrections speaks of a situation where "both parties agree" to a "specific sentence." The phrase "both parties" obviously refers to the State and the defense. Clearly, agreement of the court, pursuant to Supreme Court Rule 402(d)(2) (87 Ill. 2d 402(d)(2)) or otherwise, is not required. As the State cannot impose sentence, its recommendation here for a sentence of six years' imprisonment must be taken as an agreement for the imposition of that sentence. The position of the defense is not as clear. However, the defense made no objection to that sentence nor recommendation for a different sentence. (Contrast with *People v. Zozak* (1981), 101 Ill. App. 3d 590, 428 N.E.2d 524, wherein the State recommended two years' imprisonment and defendant recommended probation with the first six months in custody.) When that position was taken by the defense in the context of the matter being presented to the court as part of an agreement between the parties, although the language used was perhaps not as specific as a strict reading of the statute would contemplate, the trial court was entitled to conclude that the defendant was in agreement within the meaning of section 5—3—1. As defendant stipulated to the court's awareness of her prior criminal background, she cannot now complain on appeal that the court did not recite the specifics of her criminal record.

Affirmed.

GREEN and MILLER, JJ., concur.