THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM ALVELO, Defendant-Appellant.

First District (6th Division)   No. 1—89—0240

Opinion filed July 13, 1990.

Mitchell D. Kreiter & Associates, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Paul Gliatta, and Stanislaus Gonsalves, Assistant State's Attorneys, of counsel), for the People.

JUSTICE EGAN delivered the opinion of the court:

After a bench trial, the defendant, William Alvelo, was found not guilty of possession of cocaine with intent to deliver but guilty of possession and sentenced to 30 months' probation and a fine. He was arrested after being stopped by the police while he was driving a car with a passenger. The police recovered cocaine from the passenger.

The defendant first contends that the court erred in denying his motion to dismiss the indictment on the ground that he was not timely tried. The defendant was arrested on October 14, 1986. On February 19, 1987, he appeared in court for a scheduled preliminary hearing; the court denied the State's motion for a continuance, which the State sought because the laboratory analysis of the alleged cocaine was not available. The State then moved for an order of *nolle prosequi* and the court granted the motion. The defendant demanded trial. The police laboratory performed an analysis eight days later on February 27, 1987, and identified the substance as cocaine. On August 31, 1987, roughly 10½ months after the arrest and six months after the *nolle prosequi* order and trial demand, the grand jury returned an indictment against the defendant for the same offenses for which he had been charged earlier.

■ The precise issue in this case was decided adversely to the defendant's position in *People v. Daniels* (1989), 190 Ill. App. 3d 224, 546 N.E.2d 645. In *Daniels*, the defendant appeared for a preliminary hearing; the court denied the State's motion for continuance to await a laboratory analysis of the alleged controlled substance; the State obtained a *nolle prosequi* order. The laboratory analysis was completed

three weeks later, but a new indictment was not returned until 5½ months after the *nolle prosequi* order. This court reversed the dismissal of that indictment, concluding that the State's use of a motion for a *nolle prosequi* order, rather than a motion to strike with leave to reinstate, and the subsequent indictment did not violate the defendant's right to a speedy trial. (190 Ill. App. 3d at 226-27.) We conclude, therefore, that the judge did not err in denying the defendant's motion to dismiss the indictment.

The defendant next argues that the trial judge erred in denying the defendant's motion for a finding of not guilty at the close of the State's case; he contends that the State failed to prove a sufficient connection between the defendant and the seized cocaine or a sufficient chain of possession of the cocaine.

Officer Ned Hladczuk, a Chicago police officer for 20 years, had made hundreds of drug arrests involving cocaine. At approximately 11:15 p.m. on October 15, 1986, he and Officers Sherman and Depke were in uniform and assigned to a gang-crimes unit. They were on car patrol in the area of Potomac Street and Pulaski Road. Hladczuk was driving. He saw a gray Mazda automobile being driven without a license plate; he did not notice any license-applied-for sticker in the rear window of the car. Hladczuk shined his head lamps on the Mazda to get a clearer view of the car. He then curbed the Mazda, which stopped within half a block at 4130 West Potomac Street. He had followed the Mazda for approximately one minute.

Hladczuk stopped his car behind the Mazda, got out and approached the driver's side. The area was illuminated by streetlights, which were shining into the Mazda; also, the Mazda's headlights and interior dashboard lights were on. Hladczuk did not use his flashlight as he approached. He saw two people in the car, a male driver whom he identified in court as the defendant and a female passenger, identified at the scene as Margie Rivera.

Hladczuk testified that he quickly walked to the driver's door and saw the defendant remove a clear plastic packet containing white powder from his pocket and pass it to the passenger. Hladczuk had approached the car "pretty fast" and had seen the defendant pass the packet to the passenger "[l]ike he just didn't see me." The passenger put the plastic bag in the waistband of her pants.

Hladczuk asked the defendant for his license; after the defendant indicated that he did not have one, Hladzcuk ordered the defendant out of the car. The defendant got out on the driver's side with Hladczuk, and the passenger got out on the other side with Hladzcuk's partners. The passenger talked with the other officers and then

reached into her waistband, pulled out a plastic packet and gave it to the officers; the packet contained a substance which the officers suspected to be cocaine. Hladczuk said that the packet was the same one that he had seen the defendant pass to the passenger. She was not searched, nor was she arrested. After the passenger turned over the plastic packet, Hladczuk searched the defendant but found no contraband.

Hladczuk and his partner inventoried the plastic packet at the police station under inventory number 332-482. On cross-examination he described the packet as three one-gram clear plastic containers in one larger clear plastic bag that contained a total of 2½ grams of cocaine. On redirect examination he identified the inventory slip for the contraband obtained from the passenger, which indicated that only one plastic bag had been seized from the defendant. On further redirect examination he identified People's exhibit No. 1 as the plastic packet he recovered; he described the inventory number assigned to it as a unique number assigned to that piece of evidence and to no other evidence inventoried by the Chicago police department. He testified further that nothing in his reports indicated that the contraband was in three, small bags contained in one larger bag and that he was mistaken when he had so testified on cross-examination.

By stipulation Arlene Kozyk, a forensic chemist for the Chicago police department, testified that on February 27, 1987, she received People's exhibit No. 1 in a sealed envelope. She chemically tested the white powder contained in the exhibit and gave the opinion that the substance contained cocaine and weighed 2.45 grams. The stipulation included "the chain of custody as to People's Exhibit No. 1."

The defendant testified that on October 14, 1986, at approximately 11:15 p.m., he was driving his Mazda near 4100 West Potomac Street. The car did not have a license plate but did have a valid license-applied-for sticker in his name in the rear window. The headlights and dashboard lights were illuminated. He had just picked up his passenger, Margie Rivera, who lived around the block on Kamerling Street. While he was driving, the defendant noticed a vehicle following him and flashing a white light, like a headlight. The defendant proceeded because he was not sure whether the vehicle was a truck or something else. He then heard a voice say, "Pull over"; he suspected that the vehicle was a police car. After he pulled over and "immediately" got out of his car, he saw three police officers exiting a squad car which was parked 10 or 15 feet behind him. Officer Hladczuk asked the defendant to remain where he was and approached him, while the other officers went to the passenger side and

asked Margie Rivera to get out; and she did. Hladczuk asked the defendant if he had a driver's license; the defendant indicated that he did not have one because of tickets that he had received, but he did not have the tickets with him. He was not searched at that time. The other officers were questioning Rivera. She pulled State's exhibit No. 1 from the mid-section of her pants, near the crotch. The defendant had not seen Rivera put the bag in her pants, had not seen it before she removed it, never had possession of it and never passed it to her. He did not have any cocaine in his possession on that night. The police arrested him, but Rivera was not arrested or taken to the station.

The defendant argues that Officer Hladczuk's testimony must be rejected as a matter of law because, the defendant says, the officer's testimony that the defendant would pass a bag of cocaine to his passenger, as the officer was standing outside the car window, is inherently unbelievable. The defendant also refers to the inconsistencies between Hladczuk's testimony that he observed the defendant pass a clear plastic bag containing three smaller plastic bags to Rivera and his later testimony that he was mistaken and that only a single bag was involved.

There is no doubt that a packet of cocaine was recovered from Rivera and that the People's exhibit No. 1 was that packet. The defendant himself identified that exhibit as the one that was recovered from Rivera. The chain of custody was clearly established. It appears to us that the main thrust of the defendant's argument is that the State failed to establish that the packet recovered from Rivera was the packet which the defendant gave to her. We cannot accept that argument since there was only one packet recovered; Rivera took it from the very part of her clothing where Hladczuk saw her put it; and Hladczuk said that the packet recovered was the one that he had seen the defendant pass to Rivera.

Hladczuk's credibility was for the trier of fact to weigh, and it is not the right of a reviewing court to substitute its judgment for the trial judge. (*People v. Slim* (1989), 127 Ill. 2d 302, 537 N.E.2d 317.) Any discrepancies between the testimony of Hladczuk affected the weight to be afforded his testimony and were questions of fact for the judge. (*People v. Irpino* (1984), 122 Ill. App. 3d 767, 461 N.E.2d 999.) We note that in our judgment it is the defendant's testimony that is suspect. To accept the defendant's testimony that the police ignored an obvious violation of the law by Rivera and charged an obviously innocent person strains our credulity beyond reasonable limits. The trial judge made the specific observation that he could not understand why a police officer would lie for no reason and say the defend-

ant had the bag and passed it to Rivera. The judge said there would be no reason to fail to arrest the woman unless the officer was telling the truth as to what he had seen. We agree with the judge's reasoning and finding.

The defendant's last contention is that the trial judge abused his discretion by improperly considering a pending charge of possession of a controlled substance and sentencing the defendant to felony probation rather than to probation for first-time drug offenders under section 410 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, par. 1410).

■ It is improper for a trial judge to consider mere charges or arrests. (*People v. Garza* (1984), 125 Ill. App. 3d 182, 465 N.E.2d 595.) At the sentencing hearing the State told the judge that the defendant had no prior convictions. Colloquy ensued between the defendant's attorney, the judge and the prosecutor. After the judge noted that the presentence investigation report showed that the defendant had another case pending, the defendant's attorney pointed out that under the law the defendant was presumed innocent of the charge, a one-gram possession charge pending before another judge. He reminded the court that at that point the defendant was innocent of that charge. The prosecutor told the judge that it would not be relying on the other case in aggravation but would still ask the judge to enter judgment on the conviction and to sentence the defendant to formal felony probation. The judge said, "I take into consideration that you don't have any convictions." The judge's comments regarding the defendant's other pending charge of possession were not definite indications that the trial judge considered that charge in imposing sentence. The record lacks any indication that the trial judge improperly considered the pending charge in imposing sentence; thus, the presumption arises that he did not consider the pending charge and thus the sentencing determination did not constitute an abuse of discretion. *People v. Poll* (1980), 81 Ill. 2d 286, 408 N.E.2d 212; *People v. Garza* (1984), 125 Ill. App. 3d 182, 465 N.E.2d 595.

For these reasons the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA and RAKOWSKI, JJ., concur.