THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BILLY J. EVANS, a/k/a Billee J. Evans, Defendant-Appellant.

Fifth District    No. 5—92—0486

Opinion filed March 15, 1994.—Supplemental opinion filed on rehearing June 20, 1995.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Rod Wolf, State's Attorney, of Harrisburg (Norbert J. Goetten, Stephen

E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:

This court has issued numerous Supreme Court Rule 23 (134 Ill. 2d R. 23) orders remanding cases to sentencing judges for noncompliance with section 5—3—1 of the Unified Code of Corrections. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—3—1 (now 730 ILCS 5/5—3—1 (West 1992)).) We are now issuing an opinion, so that sentencing judges are made aware of an increasing problem of noncompliance with section 5—3—1.

The defendant, Billy J. Evans, a/k/a Billee J. Evans, pursuant to negotiations, pleaded guilty to residential burglary, burglary, and felony criminal damage to property. He was sentenced to concurrent prison terms of six years for residential burglary and burglary and three years for criminal damage to property. On appeal, defendant only contends that the circuit court erred in sentencing him without a presentence investigation report, where the criminal history presented to the court was incomplete.

On January 24, 1992, defendant pleaded guilty. The initial statement to the court by the State's Attorney was: "[T]he State would first disclose to the Court that the defendant has no prior felony record and the State has entered into a negotiated agreement to dispose of case number 91—CF—195 as well as 91—CF—211." The court admonished defendant pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402), concurred in the plea agreement, accepted defendant's guilty pleas, and sentenced defendant according to the agreement. At a prior hearing on the same date at which defendant's motion for psychiatric examination was denied, defense counsel stated he had talked with the probation officer who had been supervising defendant "during a misdemeanor probation period."

■ Section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—3—1) states:

"A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.

However, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment.

The court may order a presentence investigation of any defendant." Ill. Rev. Stat. 1991, ch. 38, par. 1005—3—1.

■ On appeal, defendant urges that the presentence-report requirement of section 5—3—1 is mandatory, relying on our supreme court's decision in *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416, and that his sentence should be vacated and the cause should be remanded for resentencing. In *Youngbey*, the court held the presentence investigation and report to be a mandatory legislative requirement which cannot be waived, absent agreement between the parties as to the sentence to be imposed. The rationale for finding the report mandatory was that it was not solely for the benefit of the defendant but was also for the enlightenment of the court. A complete disclosure of a criminal defendant's history of criminality leaves no excuse for the court to state it was not aware of that record prior to deciding whether to accept a plea agreement. It is the court's responsibility to accept or reject a plea agreement. (See 134 Ill. 2d R. 402.) Since section 5—3—1 is intended to serve as a useful tool for the sentencing judge, it is not the defendant's personal right which could be waived. *People v. Graham* (1984), 126 Ill. App. 3d 442, 444, 467 N.E.2d 374, 375-76.

In *People v. Harris* (1985), 105 Ill. 2d 290, 473 N.E.2d 1291, our supreme court was presented with the issue of whether, after revocation of probation, a trial court must consider a presentence investigation before sentencing defendant on a felony conviction. Our supreme court held that since no agreement was reached between the parties as to the specific sentence which was to be imposed following revocation of probation, presentence reports should have been ordered. (*Harris*, 105 Ill. 2d at 301, 473 N.E.2d at 1296.) The supreme court explained that substantial compliance is not sufficient because the adoption of substantial compliance would invite appeals and require an examination of the record in each case. The court further explained that substantial compliance would conflict with the express language of the statute, which requires a written presentence report. Because of the statute's mandatory nature, strict compliance was required. (*Harris*, 105 Ill. 2d at 302-03, 473 N.E.2d at 1297.) The compliance must be at the time the plea is taken without reference to other parts of the record; therefore, in this cause, pursuant to the reasoning used in *Harris*, the history of criminality and delinquency must be given to the sentencing judge at the time the plea agreement is offered for approval to the court.

In the case at bar, the parties agreed to the imposition of a specific sentence; therefore, a presentence report would not be necessary if there were "a finding made for the record as to defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge,

or imprisonment." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—3—1.) The statement that defendant had not been convicted of a felony tells only half the story, as it appears from other portions of the record on appeal that defendant has a misdemeanor conviction. Further, defendant was charged in Williamson County with armed violence and aggravated unlawful restraint. (Reference is made to the charges in Williamson County in the discovery file in this cause, and we can take judicial notice of our own ruling in *People v. Evans* (March 4, 1993), No. 5—92—0298 (unpublished order under Supreme Court Rule 23), whereby the defendant pleaded guilty to the charges in Williamson County.) Thus, the State's Attorney's statement was, to say the least, incomplete and did not comply with the mandate of section 5—3—1. In order for the trial court not to order a presentence investigation report, the parties must agree on a specific sentencing recommendation and section 5—3—1 must be strictly complied with in establishing defendant's history of criminality and delinquency, including the disposition made of those charges. It cannot be left to guesswork.

■ The State replies that the error is harmless, because defendant could not realistically expect to receive less than the negotiated sentences. However, section 5—3—1 is primarily concerned with making the sentencing judge aware of the dangerousness of a particular defendant, and so the argument that the defendant could not realistically expect to receive less than the negotiated sentences misapprehends the purpose of the statute. The question is not whether the defendant could have received less time; rather, the question is, should the defendant have received a greater sentence? The judge has the duty and responsibility in imposing a sentence, not the attorneys. The mere fact that the parties negotiate a plea does not remove the responsibility and burden of sentencing from the judge.

This case presents a fine example of what the legislature was attempting to prevent by section 5—3—1. The court was unaware of the defendant's complete record, so the question remains as to whether the court would have accepted the negotiated plea, if it had been aware of the serious pending criminal charges in Williamson County and the defendant's complete misdemeanor record. A complete history of defendant's criminality and delinquency may have revealed more than can be gleaned from the record. As stated previously in this order, the presentence report is to enlighten the court to defendant's background in order to assess his rehabilitative potential. Section 5—3—1 mandates that a sentencing judge be aware of the history of the defendant's criminality and delinquency in as-

sessing whether to accept the negotiated plea. In light of the statute's mandatory language, strict compliance is required (*Harris*, 105 Ill. 2d at 302-03, 473 N.E.2d at 1297); therefore, we decline to apply the waiver rule by defendant's acquiescence in the procedure or his failure to raise it in his Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) motion to withdraw his guilty plea.

For the foregoing reasons, the convictions are affirmed. The sentences are vacated, and this cause is remanded for a new sentencing hearing.

Affirmed in part; vacated in part and remanded with directions.

RARICK and MAAG, JJ., concur.

## SUPPLEMENTAL OPINION ON REHEARING

JUSTICE LEWIS delivered the opinion of the court:

The State filed a petition for rehearing alleging that this court overlooked or misapprehended certain points in its original opinion. The State contends that it would be error for the sentencing court to consider the "bare fact of arrest or charges in Williamson County" when determining the sentence to impose.

We first note that the sentencing judge was not determining the sentence to be imposed. The court was deciding whether to accept the plea negotiation by the parties with the agreed-to sentence. The court had no right at that stage of the proceeding to impose a different sentence from the one agreed to by the parties.

We further note that the case that the State cites as authority, *People v. Jackson* (1992), 149 Ill. 2d 540, 599 N.E.2d 926, held: "[O]utstanding indictments or other criminal conduct for which there has been no prosecution or conviction may be considered in sentencing. Such evidence, however, should be presented by witnesses who can be confronted and cross-examined, rather than by hearsay allegations in the presentence report." (*Jackson*, 149 Ill. 2d at 548, 599 N.E.2d at 930.) In *People v. Richardson* (1988), 123 Ill. 2d 322, 528 N.E.2d 612, our supreme court held that it was not error for the sentencing court to consider the testimony of seven alleged offenses not resulting in convictions. The only admonition from the supreme court in *Richardson* was that the testimony involving misconduct by defendant must be reliable and relevant to sentencing and that the evaluation of what testimony was reliable and relevant is left largely to the sentencing judge's discretion.

What may be overlooked in *Jackson* is that the supreme court

specifically overruled *People v. McGee* (1991), 211 Ill. App. 3d 641, 570 N.E.2d 578, *rev'd* (1992), 147 Ill. 2d 633, 607 N.E.2d 951, and *People v. Dean* (1987), 156 Ill. App. 3d 344, 509 N.E.2d 618, where each appellate court had held that a new sentencing hearing was required where the trial judge, in sentencing the defendant, expressly relied on evidence of a pending charge, of which the defendant was subsequently acquitted. (*Jackson*, 149 Ill. 2d at 553, 599 N.E.2d at 932.) The State cites *People v. Alvelo* (1990), 201 Ill. App. 3d 496, 559 N.E.2d 131, and *People v. Dean* (1984), 126 Ill. App. 3d 631, 467 N.E.2d 353, for additional authority for its position that pending charges cannot be considered by the sentencing court. Suffice it to say that when you review the authorities cited by *Alvelo* and *Dean*, the authorities mainly consist of appellate court cases, not supreme court decisions. The primary supreme court cases, other than *Jackson* and *Richardson*, that allow the use of pending charges or uncharged criminal conduct, if relevant and reliable, are *People v. Popescue* (1931), 345 Ill. 142, 177 N.E. 739; *People v. McWilliams* (1932), 348 Ill. 333, 180 N.E. 832, followed by *People v. Poll* (1980), 81 Ill. 2d 286, 408 N.E.2d 212; *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9; *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344; and *People v. Brisbon* (1985), 106 Ill. 2d 342, 478 N.E.2d 402. While the appellate court in *Alvelo* and *Dean* upheld the sentences of the defendants, the language and reasoning are certainly questionable in light of the many supreme court decisions.

We repeat once again that the sentencing judge should be made aware of the history of defendant's delinquency and criminality before the judge accepts a negotiated plea. There is absolutely no valid reason for the State to hide defendant's criminal history from the court, so that a bad negotiated plea can be slipped by the unknowing judge. We are not holding that the negotiated plea in this particular case was bad. That decision lies within the discretion of the sentencing judge, and we will have no complaint as long as the judge is apprised of the defendant's history of criminality. All that we are interested in is that the sentencing court is made aware of the kind of defendant it is sentencing.

Since negotiated pleas are presented to the court by counsel without testimony in most cases, it would be costly and time consuming to require testimony with the right to cross-examination and to call rebuttal witnesses to show the reliability and relevance of the pending charges. If there are problems with the relevancy and reliability of the pending charges presented as part of the criminal history of defendant by the State, defendant can make his objections to the sentencing judge. The chance that a sentencing judge would

259

reject a negotiated plea based upon some irrelevant or unreliable pending charge seems to us to be very unlikely.

We need not address the State's request for a waiver of the recitation of the specifics of defendant's misdemeanor conviction and sentence as being *de minimis*, since we are remanding this cause for a hearing whereby the sentencing court is to be apprised of the history of defendant's delinquency and criminality.

Accordingly, we reaffirm the opinion of this court and remand for a hearing whereby the sentencing judge is to be informed of the history of the delinquency and criminality of defendant. The sentencing judge is then to make an independent decision as to the acceptability of the negotiated sentence and, if such negotiation is acceptable, make the proper findings for the record required by section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—3—1 (now 730 ILCS 5/5—3—1 (West 1992))).

Affirmed in part; vacated in part and remanded with directions.

MAAG, P.J., and RARICK, J., concur.