Nos. 2--03--1182, 2--03--1183, 2--03--1184 cons.

____________________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

____________________________________________________________________________________________

THE PEOPLE OF THE STATE

OF ILLINOIS,

Plaintiff-Appellee,

v.

KEVIN G. WALTON,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of Du Page 
 County.

No. 02--CF--2500

Honorable

Robert J. Anderson,

Judge, Presiding.

_
____________________________________________________________________________________________

THE PEOPLE OF THE STATE

OF ILLINOIS,

Plaintiff-Appellee,

v.

KEVIN G. WALTON,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of Du Page 
 County.

No. 02--CF--2499

Honorable

Robert J. Anderson,

Judge, Presiding.

_____________________________________________________________________________________________

THE PEOPLE OF THE STATE

OF ILLINOIS,

Plaintiff-Appellee,

v.

KEVIN G. WALTON,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of Du Page 
 County.

No. 02--CF--2498

Honorable

Robert J. Anderson,

Judge, Presiding.

_____________________________________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

In this consolidated appeal, we are asked to determine whether the failure of a trial court to consider a defendant's criminal history before it accepts a negotiated guilty plea allows the defendant to replead.  We hold that while a defendant may obtain a new sentencing hearing in such a situation, his guilty plea stands.

I. BACKGROUND

Defendant, Kevin G. Walton, was charged in three separate indictments with four counts of armed robbery (720 ILCS 5/18--2(a)(1) (West 2002)) (case No. 02--CF--2498); two counts of attempted armed robbery (720 ILCS 5/8--4(a), 18--2(a)(1) (West 2002)) and one count of aggravated battery (720 ILCS 5/12--4(b)(8) (West 2002)) (case No. 02--CF--2499); and one count of armed robbery (720 ILCS 5/18--2(a)(1) (West 2002)) (case No. 02--CF--2500).  On March 4, 2003, pursuant to a negotiated plea, defendant pleaded guilty to two counts of armed robbery and one count of attempted armed robbery.  In exchange, the State nol-prossed the remaining charges, and the parties agreed to a 14-year prison sentence.  The trial court admonished defendant pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402).  It accepted the plea and imposed the agreed-upon sentence.

In a letter dated March 17, 2003, defendant moved to withdraw his guilty plea on the ground of ineffective assistance of counsel.  On April 2, 2003, defendant moved to reduce his sentence due to ineffective assistance of counsel and lack of evidence.  Defendant subsequently informed the court that he wanted to proceed with only the motion to withdraw his guilty plea.  The trial court appointed new counsel for defendant and allowed the public defender to withdraw.  Defense counsel filed a certificate under Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) and an amended motion to withdraw the guilty plea.  In the amended motion, he argued, 
inter alia
, that the trial court had failed to consider a presentence report.

Following a hearing, the trial court denied the amended motion.  Defendant timely appealed.  On appeal, defendant argues that the trial court improperly accepted his guilty plea, because it imposed the agreed-upon sentence without considering a presentence report or making a finding as to defendant's criminal history, in violation of section 5--3--1 of the Unified Code of Corrections (730 ILCS 5/5--3--1 (West 2002)).  Defendant maintains that, as a result, this court should vacate his convictions, remand the case, and allow him to plead anew.  We affirm in part, vacate in part, and remand.

II. ANALYSIS

The applicable version of section 5--3--1 states, in relevant part:

"Presentence Investigation.  A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.

However, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment."  730 ILCS 5/5--3--1 (West 2002); 
cf.
 730 ILCS 5/5--3--1 (West Supp. 2003).

The presentence report is a mandatory legislative requirement that cannot be waived except in accordance with the statute's exception.  
People v. Youngbey
, 82 Ill. 2d 556, 561 (1980).  The requirement's purpose is to ensure that the trial court has all necessary information about the defendant, including the defendant's criminal history, before imposing a sentence.  
Youngbey
, 82 Ill. 2d at 564.  A defendant may not waive the requirement because, while the presentence report serves to benefit the defendant, it also serves to enlighten the court and is a useful tool for the sentencing judge.  
Youngbey
, 82 Ill. 2d at 564-65.  Whether the trial court complied with section 5--3--1 presents a question of law that we review 
de novo
.  See 
People v. Helgesen
, 347 Ill. App. 3d 672, 675 (2004).

In this case, the record does not include a presentence report, nor is there any indication that the trial court made a finding as to defendant's history of delinquency or criminality.  Thus, the trial court failed to comply with section 5--3--1.

Defendant additionally argues that Supreme Court Rule 402(d)(2) (177 Ill. 2d R. 402(d)(2)) requires that a trial court consider a defendant's criminal history before it accepts a negotiated guilty plea.  We disagree.  Rule 402(d)(2) states that if the parties reach a "tentative plea agreement," the trial judge "may" permit them to disclose the agreement before the tender of the plea.  177 Ill. 2d R. 402(d)(2).  Before the trial judge indicates whether he will concur in the proposed disposition, the trial judge may also receive, with the defendant's consent, evidence in aggravation and mitigation.  177 Ill. 2d R. 402(d)(2).  Rule 402(d)(2) is inapplicable to the instant case, as the parties did not present the trial court with a tentative plea agreement.  Also, contrary to defendant's argument that the rule requires that a trial court consider the defendant's criminal history, the rule refers to general evidence in aggravation and mitigation, and the rule's language is permissive.

Returning to section 5--3--1, the State argues that the trial court's noncompliance with the statute should not result in a remand of the case.  The State cites 
People v. Berry
, 241 Ill. App. 3d 993, 1000 (1993), in which the appellate court held that the trial court's consideration of a one-year-old presentence report satisfied section 5--3--1.  The appellate court noted that the defendant had been in continuous custody since that time and that the defense counsel specifically stated that there was no new information to add to the report.  
Berry
, 241 Ill. App. 3d at 1000.  However, unlike 
Berry
, the trial court in this case did not consider 
any
 presentence report.

The State further argues that a remand is not necessary because defendant did not have any other criminal convictions at the time of his guilty plea.  The State's argument is without merit.  While section 5--3--1 "is primarily concerned with making the sentencing judge aware of the dangerousness of a particular defendant" (
People v. Evans
, 273 Ill. App. 3d 252, 256 (1994) (
Evans I
)), the lack of a criminal history is also relevant in assessing the appropriateness of the sentence.  See 
Youngbey
, 82 Ill. 2d at 565 (presentence report serves to both enlighten the court and 
benefit
 the defendant).  Additionally, as stated, compliance with section 5--3--1 is mandatory.

This case is similar to 
Evans I
.  There, pursuant to a negotiated plea, the defendant pleaded guilty to several crimes and received the agreed-upon sentences.  At the hearing, the State's Attorney mentioned that the defendant had no prior felony record.  
Evans I
, 273 Ill. App. 3d at 254.  On appeal, the defendant argued that the trial court erred in sentencing him without a presentence report or a complete disclosure of his criminal history.  
Evans I
, 273 Ill. App. 3d at 255.  The appellate court agreed, stating that the State's Attorney's statement was incomplete in that, according to the record, the defendant had a misdemeanor conviction and additional criminal charges.  
Evans I
, 273 Ill. App. 3d at 256.  The appellate court stated:

"In order for the trial court not to order a presentence investigation report, the parties must agree on a specific sentencing recommendation and section 5--3--1 must be strictly complied with in establishing defendant's history of criminality and delinquency, including the disposition made of those charges.  It cannot be left to guesswork."  
Evans I
, 273 Ill. App. 3d at 256.

The appellate court held that the trial court had failed to strictly comply with section 5--3--1.  It affirmed the defendant's convictions, vacated his sentences, and remanded the cause for a new sentencing hearing.  
Evans I
, 273 Ill. App. 3d at 257.

Defendant argues that, unlike in 
Evans I
, we should vacate his convictions in addition to his sentences.  Defendant relies on another case involving the same defendant.  See 
People v. Evans
, 174 Ill. 2d 320 (1996) (
Evans II
).  After the appellate court remanded 
Evans I
, the trial court conducted a new sentencing hearing and again sentenced the defendant according to the terms of the negotiated plea agreement.  The defense counsel moved to reconsider the defendant's sentences, arguing that the sentences were excessive because the defendant was a young man with mental disabilities.  
Evans II
, 174 Ill. 2d at 323.  After a hearing, the trial court denied the motion.  
Evans II
, 174 Ill. 2d at 323-24.  The defendant appealed.  The appellate court reversed the trial court's judgment and remanded the cause for a new hearing, holding that the defense counsel failed to file a certificate pursuant to the then-applicable version of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)).  
Evans II
, 174 Ill. 2d at 324.

The State appealed to the supreme court, and the case was consolidated with another appeal. The State argued that the provisions of Rule 604(d) relating to motions to reconsider did not apply to negotiated pleas.  According to the State, a defendant must withdraw his guilty plea in order to challenge his sentence, because it would be fundamentally unfair for the defendant to obtain the benefits of the bargained-for plea agreement, such as the dismissal of charges, and then separately seek reconsideration of his negotiated sentence.  
Evans II
, 174 Ill. 2d at 324.

The supreme court agreed with the State, reasoning as follows.  A trial court may accept a guilty plea only after certain admonishments to the defendant, and entering a guilty plea is a " 'grave and solemn act.' "  
Evans II
, 174 Ill. 2d at 326, quoting 
Brady v. United States
, 397 U.S. 742, 748, 25 L. Ed. 2d at 747, 756, 90 S. Ct. 1463, 1468 (1970).  Thus, leave to withdraw a guilty plea is granted only to correct a manifest injustice and not as a matter of right.  
Evans II
, 174 Ill. 2d at 326.  Fully negotiated plea agreements, though part of the criminal justice structure, are governed to some extent by contract law principles.  
Evans II
, 174 Ill. 2d at 326-27.  In the context of a negotiated plea, the guilty plea and the sentence " 'go hand in hand,' " and if a defendant wants to challenge only his sentence, he must still move to withdraw the guilty plea and vacate the judgment so that if his motion is granted, the parties are returned to the status quo.  
Evans II
, 174 Ill. 2d at 332.  As such, Rule 604(d)'s provisions relating to motions to reconsider sentences apply only to open guilty pleas.  
Evans II
, 174 Ill. 2d at 332.  The supreme court held that Evans was not entitled to have his negotiated sentences reduced, because he failed to move to withdraw his guilty pleas and vacate the judgment and failed to show that the grant of such a motion was necessary to correct a manifest injustice.  
Evans II
, 174 Il. 2d at 334.

Defendant argues that "[u]nder the circumstances of this case, because the judge improperly accepted the guilty plea, in order to return the parties to the status quo, the entire plea agreement must be vacated."  We disagree.  
Evans II
 addressed whether a defendant could move to reconsider his sentence without moving to withdraw his guilty plea, which is not the issue presented in the instant case.  Here, although the trial court should not have imposed the agreed-upon sentence without considering defendant's criminal history, the trial court's error does not equate to a problem with the negotiation process or a failure to properly admonish defendant.  The trial court's error also does not invalidate defendant's guilty plea, as both the State and defendant are still bound by the terms of the agreement.  Only the trial court's approval of the sentence was flawed.

Thus, in accordance with 
Evans I
, we vacate defendant's sentence and remand the cause for a new sentencing hearing.  See also 
People v. Childress
, 306 Ill. App. 3d 755, 757 (1999).  The trial court should consider defendant's criminal history before deciding whether the negotiated sentence is appropriate.  Defendant will be allowed to withdraw his guilty plea only if the trial court does not concur with the 14-year sentence.

III. CONCLUSION

For the foregoing reasons, we affirm defendant's convictions, vacate his sentence, and remand the cause to the Du Page County circuit court
 for a new sentencing hearing.

Affirmed in part and vacated in part; cause remanded with directions.

O'MALLEY, P.J., and KAPALA, J., concur.