JUSTICE ROBERT E. GORDON, dissenting: I respectfully dissent because the sentence that was handed down by the trial court is void, not voidable as the majority holds. As the majority noted, our supreme court explained the difference between void and voidable in People v. Davis, 156 Ill. 2d 149 (1993). The supreme court in Davis held that the order before it was voidable, not void. The trial court in Davis had entered an order in violation of the double jeopardy clause. Davis, 156 Ill. 2d at 157. The supreme court held that the order was merely voidable because double jeopardy is “a personal privilege which may be waived.” Davis, 156 Ill. 2d at 157. It was the fact that the error concerned a personal, waivable right of the defendant that led our supreme court to find that the order was merely voidable. In the case at bar, the error concerned a criminal history finding. In contrast to the error in Davis, our supreme court and this court have repeatedly held that the criminal history finding is not a personal right of the defendant. The supreme court and this court have repeatedly held that the requirements of section 5 — 3—1 are for the enlightenment of the court and thus are not personal rights of the defendant that can be waived. People v. Youngbey, 82 Ill. 2d 556, 565 (1980) (presentence report is “for the enlightenment of the court” and is “not a personal right of the defendant” and thus “cannot be waived”); People v. Walton, 357 Ill. App. 3d 819, 821 (2005) (defendant may not waive presentence report because it “serves to enlighten the court”); People v. Evans, 273 Ill. App. 3d 252, 255 (1994) (presentence report is “for the enlightenment of the court”). Thus, the reasoning of Davis compels a finding that the order in our case is void. People v. Johnson, 97 Ill. App. 3d 976 (1981), is directly on point. Like the defendant in the case at bar, the Johnson defendant waived his right to a presentence report. Like the trial court in the case at bar, the trial court in Johnson sentenced the defendant without either a presentence report or a criminal history finding. Like the defendant in the case at bar, the Johnson defendant filed a postconviction petition, rather than a direct appeal. Like we did once before in Johnson, this court should hold again that a sentence is void where the trial court sentenced the defendant in violation of section 5 — 3—1, without a presentence report or a criminal history finding. Johnson, 97 Ill. App. 3d at 978-79. The majority attempts to distinguish Johnson because in Johnson, the defendant entered an unnegotiated plea and thus section 5 — 3—1 required a presentence report instead of a criminal history finding. This is a distinction without a difference. Whether it was a presentence report or a criminal history finding that was missing, section 5 — 3—1 was still violated in both cases. The point in Johnson is that a violation of section 5 — 3—1 renders a sentence void. The majority also claimed that “Johnson cited to no authority for its holding that a sentence imposed in the absence of a PSI is void.” 378 Ill. App. 3d at 650. This statement is factually incorrect. This court in Johnson cited the authority of our own supreme court, which held that a presentence report was “mandatory” and not a personal, waivable right of the defendant. Johnson, 97 Ill. App. 3d at 978-79, citing Youngbey, 82 Ill. 2d at 561. Johnson is directly on point, and I respectfully cannot find a reason to disregard our own precedent. The majority finds the order voidable because the “Illinois Constitution, not section 5 — 3—1 of the Code, gives the court jurisdiction to accept a guilty plea and impose sentence.” 378 Ill. App. 3d at 648. Section 9 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, §9) provides that: “Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction.” Recent cases have “given article VI a broad construction in the general civil context, reading it to bar the legislature from setting conditions for the court’s jurisdiction.” In re Alex T., 375 Ill. App. 3d 758, 760 (2007). However, our supreme court has “continued to recognize the principle of statutory limitation of jurisdiction in criminal cases.” In re Alex T., 375 Ill. App. 3d at 760 (holding trial court order void). For example, in People v. Thompson, 209 Ill. 2d 19, 22-25 (2004), our supreme court rejected the State’s “merely voidable” argument and held that the trial court lacked jurisdiction to impose a sentence in a criminal case, because the trial court failed to follow a statute. Similarly, in People v. Harris, 203 Ill. 2d 111, 119-20 (2003), the supreme court upheld an appellate court when it sua sponte vacated a trial court’s sentencing order for failing to follow a statute. In the case at bar, finding the sentence void would uphold the distinction between civil and criminal cases drawn by our own supreme court. As this court has held before, the fact that the defendant entered a negotiated plea does not render the trial court’s error harmless. Evans, 273 Ill. App. 3d at 256. In Evans, like in the case at bar, the defendant negotiated a plea and there was an agreed-upon sentence. Evans, 273 Ill. App. 3d at 254-55. The State’s Attorney in Evans did state the criminal history background on the record, but told “only half the story.” Evans, 273 Ill. App. 3d at 256. Thus, the trial court in Evans was left with an erroneous impression about the extent of the defendant’s criminal history when it chose to abide by the agreed-upon sentence. The State argued that any error was harmless, reasoning that since the defendant was sentenced according to the agreement, he could not have been harmed. Evans, 273 Ill. App. 3d at 256. In Evans, we explained that the State’s argument “misapprehends the purpose of the statue.” Evans, 273 Ill. App. 3d at 256. We stated that the primary purpose of the statute is to make sure that “the sentencing judge [is] aware of the dangerousness of a particular defendant.” Evans, 273 Ill. App. 3d at 256. The trial court must be made aware because it is the trial court that has “the duty and responsibility in imposing a sentence, not the attorneys.” Evans, 273 Ill. App. 3d at 256. In assessing harm, the issue is not whether the defendant’s expectations were frustrated but whether the trial court had the information it needed in order to satisfy “its responsibility” to sentence. Evans, 273 Ill. App. 3d at 256. In Evans, we stated: “[S]ection 5 — 3—1 is primarily concerned with making the sentencing judge aware of the dangerousness of a particular defendant, and so the argument that the defendant could not realistically expect to receive less than the negotiated sentences misapprehends the purpose of the statute. The question is not whether the defendant could have received less time; rather the question is, should the defendant have received a greater sentence? The judge has the duty and responsibility in imposing a sentence, not the attorneys. The mere fact that the parties negotiate a plea does not remove the responsibility and burden of sentencing from the judge.” Evans, 273 Ill. App. 3d at 256. In the case at bar, as in Evans, the harm is to the justice system, not the defendant. “The question is not whether [this] defendant could have received less time; rather, the question is, should the defendant have received a greater sentence?” Evans, 273 Ill. App. 3d at 256. The irony is that even though it is the defendant who is pressing for a vacated sentence, he may very well receive a greater sentence on remand. Like the agreed-upon sentence, the Rule 402 conference also does not somehow make up for the failure to state the criminal history on the record. On the date scheduled for trial in the case at bar, the defense attorney asked for a conference pursuant to Supreme Court Rule 402, which governs plea discussions. Prior to the Rule 402 conference, the trial court informed the defendant that it would “go over your background as well as the facts of the case.” The trial court’s admonishment referred generally to the defendant’s “background” but not specifically to criminal history. The language of Rule 402 does not require a trial court to consider a defendant’s criminal history background. People v. Walton, 357 Ill. App. 3d 819, 822 (2005) (holding that Supreme Court Rule 402 does not require a trial court to consider a defendant’s criminal history). Even assuming that the State presented Sims’ criminal history background at the Rule 402 conference and the trial court fully considered it, there is no way for us to know whether the State presented a complete or accurate criminal history, since there is no transcript of the Rule 402 conference. Assistant State’s Attorneys have been known to make mistakes. For example, in Evans, the State’s Attorney stated an incomplete criminal history prior to the trial court’s Rule 402 admonishments, which led this court to vacate and remand. Evans, 273 Ill. App. 3d at 256-57. The point of the requirement of stating the criminal history on the record is to empower judges and provide a check on attorneys. Evans, 273 Ill. App. 3d at 256-57. For the foregoing reasons, I would affirm defendant’s conviction, vacate his sentence, and remand for proper sentencing pursuant to section 5 — 3—1 of the Unified Code of Corrections. Vacating and remanding the sentence would have no bearing on defendant’s conviction. Although the trial court improperly imposed the agreed-upon sentence without first making a finding for the record as to defendant’s criminal history, its error does not invalidate defendant’s guilty plea. Walton, 357 Ill. App. 3d at 824. Both the State and defendant are bound by the original terms of the agreement. Walton, 357 Ill. App. 3d at 824. Thus, it is only the trial court’s decision to approve the sentence that was flawed. Walton, 357 Ill. App. 3d at 824. On remand, the trial court should consider defendant’s criminal history before deciding whether the negotiated sentence is appropriate. Only if the trial court does not agree with the 12-year sentence should the defendant be allowed to withdraw his guilty plea. Walton, 357 Ill. App. 3d at 824. I realize that three years had elapsed before the defendant filed his section 2 — 1401 petition to declare his sentencing order void. However, the trial court can correct the error by merely making a criminal history finding and considering it at resentencing. Johnson, 97 Ill. App. 3d at 979 (trial court must consider presentence report at resentencing, after case remanded due to void sentencing order). In addition, “[fit is a well-settled principle of law that a void order may be attacked at any time or in any court, either directly or collaterally.” People v. Thompson, 209 Ill. 2d 19, 25 (2004). Thus, the appellate court has not hesitated to declare a sentencing order void, even when more than 13 years had elapsed since the defendant’s last appeal. People v. Muntaner, 339 Ill. App. 3d 887, 888-90 (2003) (discussed with approval in Thompson, 209 Ill. 2d at 26). The mere lapse of time does not add legitimacy to a void order.