(No. 59630

(No. 59660

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lee, v. DAVID HARRIS, Appellant.—THE PEOPLE
OF THE STATE OF ILLINOIS, Appellant, v. RAY-
MOND COLEMAN, Appellee.

*Opinion filed January 23, 1985.*

Steven Clark, Deputy Defender, and Patricia Unsinn, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Mark L. Rotert and James E. Fitzgerald, Assistant Attorneys General, of Chicago, of counsel), for the People.

Neil F. Hartigan, Attorney General, of Springfield, and Fred Foreman, State's Attorney, of Waukegan (Mark L. Rotert and James E. Fitzgerald, Assistant Attorneys General, of Chicago, and Phyllis J. Perko and Martin P. Moltz, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and John R. Wimmer and Jan K. Dargel, Assistant Defenders, of the Office of the State Appellate Defender, of Elgin, for appellee.

JUSTICE MORAN delivered the opinion of the court:

In cause No. 59630, defendant, David Harris, was convicted of burglary in the circuit court of Cook County following a bench trial. Defendant waived a presentence investigation report, and the court proceeded to a sentencing hearing. During this hearing, the judge gave defendant the option of being sentenced to either a minimum term of imprisonment, or a three-year term of probation. The court warned the defendant, however, that if he violated the terms and conditions of his probation he would be sentenced to prison for five years. Despite this caveat, defendant opted to be sentenced to a three-year term of probation.

A petition for violation of probation and application for warrant was subsequently filed by the State against him. A hearing on the petition was conducted before the same judge who had sentenced him on the original burglary conviction. During this hearing, defendant's probation officer informed the court that while defendant was on probation he had been sentenced to a two-year term of imprisonment for possession of a stolen motor vehicle. Defendant admitted this conviction and indicated that he would not require the State to prove the conviction on a more formal basis. Based on the defendant's admission, the court found that he had violated the terms of his probation and sentenced him to a five-year term of imprisonment pursuant to its earlier warning. Although defendant was given credit for the time he had spent on probation prior to the State filing its petition to revoke, the court denied defendant credit for time spent in custody prior to his initial burglary conviction. The court also stated that the five-year sentence imposed upon the burglary would run concurrently with the two-year sentence defendant received for possession of a stolen motor vehicle.

On appeal, the appellate court found that defendant was entitled to credit for time spent in custody and remanded the cause for correction of the mittimus. In all other respects, however, the judgment of the circuit court was affirmed. (87 Ill. 2d R. 23; 119 Ill. App. 3d 1162.) Specifically, the court held that the sentencing judge's failure to order a presentence investigation report, prior to imposing sentence upon revocation of defendant's probation, did not constitute error where the defendant voluntarily waived his right to a presentence report when originally placed on probation. Pursuant to our Rule 315(a) (87 Ill. 2d R. 315(a)), we granted defendant's petition for leave to appeal.

In cause No. 59660, defendant, Raymond Coleman, was charged by information in Lake County with the offense of burglary. The defendant pleaded guilty and, pursuant to a plea negotiation, was sentenced to 24 months' probation. Both parties waived a presentence investigation report.

Sometime thereafter the State filed a two-count petition to revoke probation which alleged that defendant had committed two separate burglaries while on probation. At the hearing on this petition, the defendant stipulated to the probation violation alleged in the first count, which was the burglary of the Sub Venture Restaurant located in North Chicago. In return for that stipulation, the State withdrew the remaining count. Based on the defendant's admission, the court found that he was in violation of his probation. At this time, defense counsel, apparently forgetting that the presentence investigation report had been initially waived, requested that an "update" report be ordered. The State also joined in this request, which was granted by the court.

At the subsequent sentencing hearing, a five-page "updated" presentence report was filed by the probation department. The report detailed the defendant's con-

duct, health, and residence while on probation and included a section on resources available in the community to aid in rehabilitation. The "updated" report also described the impact of the probation violation on the Sub Venture Restaurant. However, the report did not contain any information concerning defendant's background prior to the time he was placed on probation. Nor did it describe the impact of the original burglary on defendant's victim.

Before imposing sentence, the court inquired as to the accuracy of the information contained in the updated presentence report. The defendant responded that the report was accurate. Further, both the State and defense counsel stated that there were no additions or corrections to be made to the updated report. In pronouncing sentence the court mistakenly stated that it had examined both "the presentence investigation report and the up-dated presentence report." Defendant was then sentenced to a four-year term of imprisonment, without credit for time served on probation, but with credit for time served in custody.

The appellate court reversed the judgment of the circuit court and remanded for resentencing. (*People v. Coleman* (1983), 120 Ill. App. 3d 619.) It held "that the trial court's failure to consider a presentence report and its consideration only of an 'update' of a presentence report was plain error." (120 Ill. App. 3d 619, 625.) We granted the State's petition for leave to appeal and consolidated both causes.

These consolidated cases present a common question: whether, after revocation of probation, a trial court must consider a presentence investigation report before sentencing a defendant on a felony conviction. Additionally, defendant Harris raises two issues: (1) whether the trial judge abused his discretion in sentencing defendant to five years; and (2) whether defendant was denied effec-

tive assistance of counsel at the probation-revocation proceedings.

The disparate results reached in the cases at bar evidence the division that currently exists within the appellate court regarding the need for a presentence investigation report prior to imposing sentence after revocation of probation. The State urges this court to adopt the position that the presentence-report requirement, contained in section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1), is inapplicable to probation-revocation proceedings by virtue of section 5—6—4(h) of the Code. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(h)). According to the State, the better reasoned authorities support this view. (See *People v. Stahlman* (1982), 103 Ill. App. 3d 402; *People v. Higgins* (1980), 92 Ill. App. 3d 27; *People v. Martin* (1979), 76 Ill. App. 3d 765; *People v. Handlon* (1976), 40 Ill. App. 3d 959.) These cases are bottomed on the fact section 5—3—1 does not expressly include probation-revocation proceedings. Section 5—3—1 provides:

> "A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.
>
> However, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality ***." Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1.

Further, as the courts in these cases have correctly observed, section 5—3—1 is not mentioned under the provision for resentencing after violation of probation. Instead, section 5—6—4(h) provides that resentencing after revocation of probation "shall be under article 4." Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(h).

Article 4, or section 5—4—1, is entitled "Sentencing

Hearing" and sets forth the guidelines to be followed before imposing sentence in all cases, except where the death penalty is sought. It states, in pertinent part, that "the court shall *** consider any presentence reports ***." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—4—1(a)(2).) This language was interpreted in *Handlon*, where the court found it to be directory in that it merely instructs the sentencing court to consider any *existing* or *requested* presentence reports. It does not require an investigation and report as does section 5—3—1. (*People v. Handlon* (1976), 40 Ill. App. 3d 959, 961.) Accordingly, the State maintains that both defendants were properly sentenced after their probation was revoked as there was no presentence report in existence concerning defendant Harris, and since the updated report, requested by defendant Coleman, was considered before sentence was imposed.

The defendants, on the other hand, contend that section 5—3—1 is applicable whenever a defendant is sentenced on a felony and there is no agreement between the parties concerning the imposition of a specific sentence. They argue that the *Handlon* rationale is no longer viable as section 5—3—1 was amended subsequent to the time that decision was rendered. See Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—1, amended by Pub. Act 80—1099 sec. 3, eff. Feb. 1, 1978, 1977 Ill. Laws 3264, 3294.

Under the former statute, a presentence report was required "where the defendant [was] *convicted* of a felony." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—1.) The defendants concede that this language limited the application of section 5—3—1 to situations which involved a finding of guilt. Thus, under the express statutory language of the prior statute, section 5—3—1 was not directly applicable to probation-revocation proceedings. (*People v. Martin* (1979), 76 Ill. App. 3d

765; *People v. Handlon* (1976), 40 Ill. App. 3d 959.) In amending that section, however, the legislature removed the language which in *Handlon* and *Martin* had been held to limit its application. As presently written, the defendants assert that there is nothing in the language of section 5—3—1 which would preclude its application to sentencing following probation revocation. We agree.

As amended, section 5—3—1 plainly requires a written presentence report whenever a defendant is sentenced for a felony, absent an agreed disposition. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1.) As was stated in *People v. Youngbey* (1980), 82 Ill. 2d 556, 564, "the purpose of the requirement of a presentence investigation report is to insure that the trial judge will have all necessary information concerning the defendant before sentence is imposed ***." The need for this information is no less important simply because the defendant is being resentenced upon a finding that he has violated the terms of his probation. This is especially true where, as here, no presentence report was initially prepared on either defendant. Therefore, we find that the requirement of a presentence report, contained in section 5—3—1, applies to resentencing following probation revocation.

In so holding, we reject the State's argument that the legislature did not intend section 5—3—1 to apply in such instances because section 5—6—4(h) and section 5—4—1(a)(2) were not changed to reflect the need for a mandatory presentence report when section 5—3—1 was amended. Section 5—6—4(h) merely states that article 4 shall govern resentencing after probation has been revoked. Article 4, as noted above, governs *all* sentencing except where the death penalty is sought. If the *Handlon* court's interpretation of section 5—4—1(a)(2) were to prevail, a sentencing court need only consider any existing or requested presentence reports. Such an interpretation would render section 5—3—1 a nullity. To

the contrary, this court, in reviewing the legislative amendment to section 5—3—1, has held "that the presentence investigation and report is a mandatory legislative requirement \*\*\*." (*People v. Youngbey* (1980), 82 Ill. 2d 556, 561.) In keeping with the mandatory nature of this section, section 5—4—1(a)(2) should be read to require the sentencing court to consider any presentence reports which are required under section 5—3—1. This is the interpretation which was impliedly adopted by this court in *People v. Meeks* (1980), 81 Ill. 2d 524, 532. Further, our construction of the statutory provisions in question finds support in the long-standing rule that sections of a statute which are *in pari materia* must be considered with reference to one another so that both sections may be given harmonious effect. (*People v. Scheib* (1979), 76 Ill. 2d 244, 250; *Galvin v. Galvin* (1978), 72 Ill. 2d 113, 118; *Mann v. Board of Education* (1950), 406 Ill. 224, 230.) To the extent that the appellate court's reasoning in *Higgins* and *Stahlman* differs with the above interpretation of the amended statute, we find it to be in error.

Foreseeing the possible application of section 5—3—1 to probation-revocation proceedings, the State has advanced three alternative arguments. First, the State contends that, even under section 5—3—1, no presentence reports were necessary in the cases at bar since both defendants waived the presentence-report requirement pursuant to the statutory exception at the time they were placed on probation.

Section 5—3—1 provides that the court may dispense with the requirement of a presentence report if *both parties* agree to the imposition of a specific sentence and a finding is made for the record regarding the defendant's prior history of criminality. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1.) Although it appears that defendant Coleman's initial waiver was in accordance with the ex-

ception in the statute, we cannot agree with the State's attempt to characterize defendant Harris' waiver as pursuant to the statutory exception. The record in that case reveals no agreement between the parties concerning the sentence to be imposed. Rather, the court, on its own motion, appears to have given the defendant a choice between being sentenced to a minimum term of imprisonment or a three-year term of probation. As such, the exception did not apply. Absent an agreement between "both parties" a presentence report was required. The fact that Harris purported to waive the presentence report is insignificant, as the requirement is not a defendant's personal right. *People v. Youngbey* (1980), 82 Ill. 2d 556, 565.

This distinction between the two cases under review is inconsequential, however, because even where the report is validly waived, when the defendant is placed on probation, section 5—3—1 requires a report prior to resentencing unless there is an agreed-upon sentence in the probation-revocation proceeding. Since no agreement was reached between the parties as to the specific sentence which was to be imposed following the revocation of defendants' probation, presentence reports should have been ordered by the respective courts. For the reasons stated in the appellate court's opinion, we find that the updated report, prepared at defendant Coleman's request, fell so far short of satisfying the statutory requirements as to render it totally inadequate. (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—3—1, 1005—3—2; *People v. Coleman* (1983), 120 Ill. App. 3d 619, 624-25.) In the absence of presentence reports prepared in accordance with the guidelines of section 5—3—2, the lower courts erred in sentencing the defendants.

Nonetheless, the State urges this court to affirm the sentences which were imposed by finding that the defendants have waived their right to protest the ab-

sence of a presentence report. Although neither defendant objected to the trial courts' sentencing procedures during the probation-revocation proceedings, we cannot say that this issue has been waived. In *Youngbey*, this court held "that the presentence investigation and report *** cannot be waived except in accordance with the exception in the statute." (*People v. Youngbey* (1980), 82 Ill. 2d 556, 561.) In that case the defendant had expressly waived a presentence investigation report. However, since no specific sentence had been agreed to by the parties, the court found "that the language of section 5—3—1, requiring a presentence investigation report, not only is mandatory, but also cannot be waived." (82 Ill. 2d 556, 564.) Certainly, if an express waiver is invalid absent an agreed-upon sentence, waiver cannot be inferred from the defendants' failure to object in the cases at bar.

Additionally, we find the State's reliance on *Meeks* to be misplaced. In *Meeks*, the court did consider a presentence report before imposing sentence on the defendant. (81 Ill. 2d 524, 533.) That report, however, did not fully comply with the requirements of section 5—3—2(a)(2) of the Code, as it failed to include information relating to resources available in the community to assist in rehabilitation. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—2(a)(2).) In the cases presently under review, no presentence report concerning defendant Harris was ever considered, and the so-called "updated" report concerning defendant Coleman was totally inadequate. Thus *Meeks* is readily distinguishable.

Finally, the State argues that a presentence report should not be required where the record demonstrates substantial compliance with the statute. According to the State, review of the record, in both cases, establishes that the trial courts were aware of all information necessary to the imposition of informed sentences. Adoption

of such a rule, however, would invite appeals and require an examination of the record on each case. Moreover, such a rule would conflict with the express language of the statute, which requires a *written* presentence report. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1.) This requirement not only serves to supplement the information offered by the parties in aggravation and mitigation, but also it serves to verify that information for the court. In consideration of the statute's mandatory nature, we believe that a *per se* rule, requiring a written report, is preferable to deciding each case on an *ad hoc* basis. Accordingly, both causes must be remanded for resentencing.

As for defendant Harris' remaining contentions, we find that only one has merit. The defendant correctly contends that the trial court erred in predetermining the sentence he would receive in the event that probation was subsequently revoked. At the time defendant was initially placed upon probation, the court allowed him to choose between a minimum term of imprisonment or a three-year term of probation. This option was presented to the defendant in the absence of a presentence report. Apparently, had the court incarcerated the defendant initially, he would have served only the minimum term. However, because the defendant chose probation over prison and later violated its terms, he was sentenced to prison for five years. This sentence was imposed without the benefit of a presentence report and without knowledge of the facts surrounding the subsequent violation. Accordingly, we must reject the State's attempt to justify the increased sentence on the basis that the circumstances surrounding the violation illustrated the defendant's lack of rehabilitative potential (see *People v. Clayton* (1977), 51 Ill. App. 3d 682, 684), for at the time the court determined defendant's sentence, these facts were, as yet, unknown. As such the sentence imposed

appears to have been arbitrary. On remand, we trust that the court will consider the information provided by the presentence report. Indeed, the object of requiring a presentence report in felony cases is to insure the imposition of a meaningful sentence.

Defendant also claims that appointed counsel at the probation-revocation proceeding was ineffective. In order to prove a charge of ineffective assistance of counsel, a defendant must demonstrate not only that his attorney was incompetent but also that this incompetence was prejudicial to the outcome of his case. (See *People v. Stewart* (1984), 104 Ill. 2d 463, 492; *People v. Greer* (1980), 79 Ill. 2d 103, 120-21.) This test applies to both retained and appointed counsel. (*People v. Royse* (1983), 99 Ill. 2d 163, 168.) Inasmuch as defendant openly admitted to the conviction which served as the basis for the violation of his probation, it is difficult to imagine how the outcome of the hearing could have differed regardless of counsel's conduct.

For the reasons stated herein, the judgment of the appellate court in cause No. 59630 is affirmed in part and reversed in part. We reverse the court's determination regarding the need for a presentence report and the propriety of defendant's sentence. In all other respects, the decision is affirmed. The cause is remanded to the circuit court of Cook County for resentencing in accordance with this opinion. The judgment of the appellate court in cause No. 59660, affirming the conviction and remanding for resentencing, is affirmed.

*59630 — Affirmed in part and*
*reversed in part;*
*cause remanded.*
*59660 — Judgment affirmed.*