THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HAYWOOD LIPSCOMB, Defendant-Appellant.

First District (5th Division)    Nos. 1—00—3825, 1—00—3826 cons.

Opinion filed June 28, 2002.

Rita A. Fry, Public Defender, of Chicago (James S. Jacobs, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Mary Boland, Assistant State's Attorneys, of counsel), for the People.

JUSTICE REID delivered the opinion of the court:

In July 1998, defendant pleaded guilty to two narcotics charges and was sentenced to probation for two years. Ultimately, his probation was revoked, and he was sentenced to prison for concurrent three-year terms. The issue presented on review is whether the trial court acted properly when it revoked probation because, as defendant argues, his probationary term had already expired before the petitions to revoke were filed.

On October 15, 1998, defendant appeared in court charged with a violation of probation. He entered an admission to the charge, his original probationary sentence was revoked, and as part of the parties' agreement, he received an 18-month term in the "rehabilitation alternative probation" program (RAP).[1] This program required defendant to sign a contract whereby he agreed to undergo substance abuse treatment, complete educational programs and seek employment. Defendant also agreed to submit to random medical tests to determine whether he had used illicit drugs. The final contractual term provided that any report of defendant's noncompliance would permit the trial court to, *inter alia*, "otherwise modify or revoke any treatment plan or sentence of probation." Over the following months defendant reported to the court, informing the court of his successes

---

[1]At later proceedings, the trial court stated that RAP was a "special drug treatment program, probation program that we run in this courtroom for probation violators."

and failures regarding his attempts to remain drug free and his employment record. During those times, the court would encourage defendant's positive efforts or be highly critical when he relapsed into drug usage. On March 15, 2000, defendant appeared in court without counsel and agreed to have his probation extended until October 13, 2000, with the court telling defendant that he was going to receive more treatment for his drug problem.

The report of proceedings for September 28, 2000, indicates that defendant twice had recently tested positive for opiate usage, and although not contained in the record on appeal, two petitions had been filed against him by the State. Defendant was remanded into custody. On November 1, 2000, defendant filed a motion for his discharge and to terminate probation.[2] Defendant claimed in his motion that when his RAP term was extended on March 15, 2000, there was no pending petition alleging a violation of probation and the trial court never concluded that defendant had violated his probation. As a result of these shortcomings, defendant argued that the trial court lacked authority to extend his probation. Defendant maintained that his 18-month RAP term therefore remained in effect and expired on April 15, 2000. Consequently, defendant believed that the trial court thereafter lacked jurisdiction over him, and it could not revoke his probation in November 2000 without violating his right to due process. The trial court rejected defendant's position. The court relied on defendant's signed agreement permitting the court to take such action. The court then went on to review what had occurred during the probationary period including its recollection that just before his probation was extended by agreement, defendant had tested positive and had admitted to drug usage. At this time in court, defendant then agreed to extend his probationary program. However, during this extension, defendant used drugs and failed to report, and a petition was filed to hold defendant in violation of his probation.

Defendant now appeals raising basically the same arguments that he presented to the trial court. Basically, defendant says that a probationary term cannot be extended or revoked without notice, a hearing and a finding that the probationer has violated the terms of his probation. Furthermore, defendant maintains, once the probationary term expires, the trial court's jurisdiction over him is lost. Defendant dismisses his consent to the extension of the probationary terms, asserting that he could not consent to confer jurisdiction on the court to perform an act that the court had no authority to perform.

---

[2]The report of proceedings on September 28, 2000, indicates that two probation violation petitions had been filed against defendant regarding his illicit drug usage and failure to report.

The State argues that defendant's probationary term was modified on October 15, 1998, after a finding of a violation of probation. The State next asserts that defendant agreed to a six-month extension of his probationary term in March 2000, and he therefore has waived any claim of error concerning the extension of the term. Furthermore, because section 5—6—4 of the Unified Code of Corrections (Code) (730 ILCS 5/5—6—4(f) (West 2000)) provides that the "conditions of probation *** may be modified by the court *** on its own motion or at the request of the offender after notice and a hearing," the State argues that the extension of the probationary period was a proper modification after the requirements of notice and hearing were met, particularly since defendant had signed a probation contract allowing this procedure.

In reply, defendant maintains that there is no case authority which interprets a modification of the conditions of probation to include an extension of the probationary term without the filing of a petition alleging a violation which was then sustained. Defendant does, however, concede that if the term "condition" under section 5—6—4(f) of the Code is interpreted as the State argues, then the State must prevail.

To show that defendant's position is correct, he cites *In re Sneed*, 72 Ill. 2d 326, 333-34 (1978), which involved application of the juvenile probation statute. There, the supreme court concluded that, under the statute in question, the length of the probationary term was not a condition of the probation and it could not be properly extended without a hearing resulting in a violation finding.

In the present case, the relevant statutory provisions designate a specific maximum term of probation for an offense and allow for an extension of that term upon a finding of a violation of a condition of probation. 730 ILCS 5/5—6—2(b), (e) (West 1998). The length of a probation term is not designated as a condition of probation. 730 ILCS 5/5—6—3 (West 1998). Consequently, as in *Sneed*, the trial court could not alter the length of defendant's probationary term without notice and hearing and a finding that defendant had violated his probation.

This conclusion, however, is not necessarily determinative of this case. There still remains the impact, if any, of the "contract" defendant signed which provided that any report of defendant's noncompliance would permit the trial court to "modify *** [the] sentence of probation."

In *People v. Eiland*, 217 Ill. App. 3d 250, 258 (1991), the appellate court concluded that defendant, as part of his probationary disposition, could waive his fourth amendment right against an improper search by police. In *People v. Hall*, 198 Ill. 2d 173, 181 (2001), the supreme court held that to comport with due process a defendant at a

probation revocation hearing must be advised of various rights he is giving up if he enters an admission to the allegations of the petition as well as a factual basis for the violation. The present case basically presents a situation where defendant is, in effect, entering an admission to a probation violation and having his probation extended without the admonishments required in *Hall*. While a defendant might be constitutionally capable of doing so, as suggested in *Eiland*, he must be properly advised as such under *Hall* at the time he enters the contract. This advisement did not occur in the present case. Therefore, the extension of his probation beyond the expiration of his 18-month RAP term was not proper and the probation revocation proceedings commencing during that extended period were invalid.

Accordingly, we reverse the judgment of the circuit court.

Reversed.

CAMPBELL, P.J., and GREIMAN, J., concur.