# Illinois Official Reports

## Appellate Court

---

**People v. Fischer, 2013 IL App (1st) 110193**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL FISCHER, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-0193 |
| Filed<br>Rehearing denied | December 27, 2013<br>March 4, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The conviction entered for defendant's violation of the terms of his probation was affirmed, but the sentence imposed was vacated and the cause was remanded for a new sentencing hearing, where the trial court failed to consider a presentence investigation report as required by section 5-3-1 of the Unified Code of Corrections or satisfy the conditions necessary to obtain a waiver of that requirement. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-CR-10635; the Hon. Gregory Robert Ginex, Judge, presiding. |
| Judgment | Affirmed in part, vacated in part, and remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Patrick Morales-Doyle, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Tasha-Marie Kelly, and Koula A. Fournier, Assistant State's Attorneys, of counsel), for the People. |

Panel

JUSTICE HALL delivered the judgment of the court, with opinion. Presiding Justice Rochford and Justice Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1    In this appeal, defendant Michael Fisher argues the trial court improperly extended his probation and he challenges the imposition of a three-year prison sentence for violations of his probation. For the reasons that follow, we affirm in part, vacate in part, and remand with directions.

¶ 2    On July 11, 2007, defendant was sentenced to 24 months' probation after pleading guilty to one count of indecent solicitation of a child. The solicitation charge stemmed from defendant's online solicitation of a person he believed to be a 14-year-old girl, but who was actually an investigator with the Cook County sheriff's department. Under the conditions of his probation, defendant was required to, among other things, register his address as a sex offender for 10 years; successfully complete sex-offender treatment; avoid contact with minors under the age of 18 years, unless given advanced, written approval from the court; and maintain a stable residence.

¶ 3    On September 28, 2010, the circuit court entered a judgment revoking defendant's probation. He was subsequently sentenced to three years' imprisonment. The probation was revoked after the court determined defendant had violated several conditions of his probation. On appeal, defendant raises a number of arguments regarding the revocation of his probation. He also challenges his three-year prison sentence.

¶ 4                              BACKGROUND

¶ 5    On April 18, 2006, defendant was arrested during a sting operation conducted by the Cook County sheriff's department and charged with indecent solicitation of a child. He was subsequently indicted by a grand jury on two counts of indecent solicitation of a child with the intent to commit aggravated criminal sexual abuse, a Class 3 felony.

¶ 6    On July 11, 2007, at the Cook County circuit court in Maywood, Illinois, the trial court conducted a guilty plea hearing. Defendant was represented by counsel. The prosecutor informed the court that the State was prepared to recommend a sentence of 24 months' probation in the sex offender unit as part of a plea agreement under which defendant would plead guilty to the first count in the indictment. The court then reviewed a clinical report prepared by a licensed clinical social worker who had conducted a presentence sex-offender evaluation of defendant.

- 2 -

¶ 7        After reviewing the report, the court admonished defendant of the rights he was foregoing by pleading guilty, as well as the potential sentences he faced. The defendant waived his right to a presentence investigation report. The prosecutor recited the stipulated facts underlying the charge in the indictment, and thereafter, the court found that a factual basis existed to support defendant's guilty plea. The court determined the guilty plea was voluntary and accepted the plea.

¶ 8        The court sentenced defendant to sex-offender probation through the adult probation department. The court explained the conditions of the probation, which defendant stated he understood. The court also admonished defendant of his appellate rights. Although the court did not mention the duration of the probation term, the written order states that the term was for 24 months with a termination date of July 11, 2009. A status hearing was set for October 3, 2007.

¶ 9        Neither defendant nor his counsel appeared at the October 3 status hearing. However, a probation officer from the adult probation department informed the court that defendant was regularly reporting to probation and there were no probation violations. The court agreed to set the next status hearing for November 7, 2007, to give defendant an opportunity to appear in court on that date.

¶ 10       On November 7, the defendant appeared for the status hearing without counsel. Defendant informed the court he was in sex-offender treatment. He also notified the court that on October 4, 2007, he was arrested for failing to register as a sex offender. He was arrested by the Hoffman Estates police department. He had been released on a personal recognizance bond and ordered to appear at the Cook County circuit court in Rolling Meadows on November 30, 2007. Defendant told the court he had retained counsel as to the new charge, but added that counsel was unaware of his court date in this case and he did not expect counsel to appear in court that day.

¶ 11       The State was granted leave to file a petition for violation of probation based on defendant's arrest. Defendant was given an "I-bond" as to the petition. The court set the next hearing date for January 23, 2008, in order to give defense counsel an opportunity to address the pending case in Rolling Meadows.

¶ 12       On January 23, 2008, defendant appeared for the status hearing without counsel. Defendant stated he was presently in treatment, which was confirmed by the probation officer. The probation officer also informed the court that defendant was in compliance with his probation. Defendant further stated he was presently registered and that the failure to register issue in Rolling Meadows had been resolved. The court noted that defendant's probation was to continue and set the next status hearing for July 9, 2008.

¶ 13       On July 9, 2008, defendant appeared for the status hearing without counsel. The probation officer informed the court that defendant was in compliance with probation. The matter was continued for status to January 14, 2009.

¶ 14       On January 14, 2009, defendant appeared for the status hearing without counsel. The probation officer informed the court that defendant was in compliance with probation. The matter was "marked off call," with defendant admonished to continue his probation.

¶ 15    Months later, the adult probation department mailed defendant a notice dated July 2, 2009, notifying him to appear in the Maywood court on July 8, 2009, to answer allegations that he was in violation of his probation because he had failed to successfully complete sex-offender treatment. The notice informed defendant that at the hearing, he would be afforded certain rights, including the right to present evidence and favorable witnesses and to be represented by counsel or have counsel appointed if he was indigent.

¶ 16    On July 8, 2009, defendant again appeared without counsel. The court summarized the procedural history of the case and then posed the following question in open court: "Now, let me understand this. Is this a situation where the defendant has failed to cooperate or is this a situation where the service provider or the therapist has recommended an extension of treatment that cannot be done within the term time?" The probation officer responded she thought it was the latter.

¶ 17    The court then reviewed progress reports authored by clinical therapists who were presently treating defendant. The reports explained that although defendant was in good standing with his treatment program, he required an additional six months to complete the program. After reviewing the reports, the court determined there was no indication that defendant was in violation of "anything." The court stated, "[t]he only reason that this is here and I want this clear on the record is that the therapist says [defendant's] treatment cannot be completed within the term time. I am not saying that I'm going to continue this for four years. I am not saying I'm going to continue this whatsoever for his life. What I'm going to do is this; I'm going to grant leave to file the [petition for] violation [of probation]." The court did not set a bond on the petition. The court informed defendant he remained on probation, continued and set the next status hearing for September 2, 2009, to allow defendant time to complete treatment and address the allegations in the petition for violation.

¶ 18    On September 2, 2009, defendant appeared for the status hearing without counsel. Defendant provided the court with updated paperwork from his treatment program. After reviewing the paperwork, the court observed that defendant's term of probation had been set to expire on July 11, 2009. However, the court noted defendant's therapists had determined he required an additional six months to complete his treatment. The court continued the matter to allow defendant time to complete treatment as required by his probation and set the next status hearing for October 5, 2009. The court stated it would consider terminating defendant's probation once he provided the court with documentation showing he successfully completed his course of treatment.

¶ 19    Defendant appeared for the October 5 status hearing without counsel. Defendant's probation officer informed the court that defendant was in compliance with probation and was regularly reporting to probation. The probation officer added that defendant was in the process of completing a "relapse plan." The court set a status date of January 21, 2010, to give defendant time to complete his treatment. The court stated it would waive defendant's appearance at the next hearing if the adult probation department provided the court with documentation showing defendant successfully completed his course of treatment.

¶ 20    In November 2009, defendant was arrested a second time for allegedly failing to register as a sex offender. The arrest occurred in Palatine. Defendant subsequently appeared on

November 11 before a judge in the Rolling Meadows court for bond on the new charge. The State was apparently granted leave to file a petition seeking revocation of defendant's probation based on the latest arrest. During the bond hearing, the violation matter was transferred to the Maywood court to set bond.

¶ 21 On November 12, 2009, defendant appeared in the Maywood court and was in custody. The court observed that although the State had been granted leave to file a petition for violation of probation at the Rolling Meadows courthouse, there was no documentation showing the petition was actually filed. The court granted the State leave to file the petition *nunc pro tunc* November 11, 2009. Defendant was granted an "I-bond" on the violation of probation charge. During the hearing, in discussing the background of the case, the assistant State's Attorney remarked that defendant's probation had been extended. The court responded, "it wasn't extended. There has been a violation filed for failure to complete everything ***." The court set the next status hearing for December 7, 2009. The case was then continued for status on January 21, 2010.

¶ 22 On December 31, 2009, defendant was arrested a third time for failing to register as a sex offender. This time, he was arrested by the Rolling Meadows police department.

¶ 23 On January 6, 2010, the defendant appeared in the Rolling Meadows court on his latest case out of Rolling Meadows for failing to register as a sex offender and his pending case out of Palatine for failing to register as a sex offender. Defendant was in custody on the case out of Rolling Meadows. The court continued both cases to January 28, 2010, for hearing.

¶ 24 The court also granted the State leave to file a supplemental petition alleging defendant had violated his probation by having unsupervised contact with his girlfriend's two minor children and for failing to terminate his Facebook account. The court transferred this matter to the Maywood court for a hearing the next day, on January 7, 2010.

¶ 25 On the January 7, 2010, court date in Maywood, defendant was in custody. Defendant's probation officer appeared and notified the court of defendant's two failure-to-register-as-a-sex-offender cases pending before the court in Rolling Meadows. The probation officer also informed the court that two days prior to the present hearing, defendant was unsatisfactorily discharged from sex-offender counseling due to his lack of progress, absenteeism, and failure to be honest with his counselors and group. In light of this information, the court granted the State leave to file a supplemental petition for violation of probation and held defendant on a $150,000 "D-bond." The matter was continued.

¶ 26 On February 11, 2010, defense counsel appeared in the Maywood court and requested a conference in accordance with Illinois Supreme Court Rule 402 (eff. July 1, 1997). Following the conference, the court made a sentencing recommendation of three years' imprisonment, but continued the matter to give defendant an opportunity to resolve the two underlying charges of failure-to-register-as-a-sex-offender cases pending in the Rolling Meadows court.

¶ 27 Defendant and his attorney appeared in the Maywood court on February 17, 2010. Defense counsel informed the court that at defendant's request, he had withdrawn as counsel on the cases pending in Rolling Meadows. Defendant had rejected the State's plea offers in those cases. The court granted defense counsel leave to withdraw as counsel as to the pending

proceedings in the Maywood court and the matter was continued. Defendant subsequently rehired the attorney who had represented him at his initial guilty-plea hearing in this case.

¶ 28     On April 29, 2010, the court in Maywood granted the State leave to file another supplemental petition for violation of probation based on defendant's fourth arrest for failing to register as a sex offender and his continued unsupervised contact with his girlfriend's two minor children. The supplemental petition alleged that defendant registered as a sex offender by providing the address of a hotel in Wheeling, Illinois, as his residence, but that he actually lived with his girlfriend and her two minor children in Mundelein, Illinois, where he was not registered. Defendant was arrested and taken into custody in Lake County.

¶ 29     On August 5, 2010, the State and a probation officer informed the Maywood court that the defendant was not in court as he was in custody in Lake County. The defendant had pled guilty in the failure-to-register-as-a-sex-offender cases pending before the courts in Rolling Meadows and Lake County, and was presently serving a two-year prison term. The State had nol-prossed the failure-to-register-as-a-sex-offender case charged in Palatine. The matter was continued to allow the State to issue a writ for defendant to appear in the Maywood court on the pending charges of violation of probation.

¶ 30     Defendant and his attorney appeared in the Maywood court on September 28, 2010. Defense counsel informed the court that defendant had decided to plead guilty to the pending charges of violation of probation. The court agreed to defense counsel's request to reopen the Rule 402 conference originally held on February 11, 2010. Prior to accepting defendant's guilty plea, the court admonished him concerning the nature of the underlying charges and the rights he was foregoing by pleading guilty. The defendant responded he understood the possible sentencing range and acknowledged his plea was not induced by force, threats, or promises. After the defendant stipulated to the factual basis for the charges, the court determined his guilty plea was free and voluntary and accepted the plea.

¶ 31     In allocution, defendant asked the court to consider his accomplishments while in sex-offender treatment. Prior to imposing sentence, the court stated it had taken defendant's progress into consideration, but added that he had consistently failed to register and that "these other things kept popping up." The court maintained that a three-year sentence of imprisonment was "fair based on everything." The court stated the sentence needed to be "commensurate with the crime, with serving justice and be fair to everyone involved." Defendant's probation was revoked and he was sentenced to 3 years' imprisonment and given 256 days of credit for time served.

¶ 32     Defendant subsequently filed *pro se* motions to withdraw his guilty plea and to reduce his sentence. Defendant withdrew the motions before the court held any hearings and instead informed the court he wished to proceed only with his motion to reduce his sentence. After a hearing, the court denied defendant's motion to reduce his sentence.

¶ 33     Defendant filed a *pro se* notice of appeal that was notarized as having been mailed on January 6, 2011, and was stamped as received by the court on January 19, 2011. On April 26, 2012, defendant filed a motion for a supervisory order with the Illinois Supreme Court, requesting that his notice of appeal be considered a validly filed appeal.

¶ 34     On May 23, 2012, the Illinois Supreme Court granted defendant's request and entered a supervisory order directing our court to allow defendant's notice of appeal to stand as a validly filed notice of appeal. On May 30, 2012, the Illinois Supreme Court issued an announcement correcting its supervisory order to accurately reflect the date on which defendant's notice of appeal was received. Defendant now brings this appeal.

¶ 35                                                    ANALYSIS

¶ 36     Defendant first contends the court violated his due process rights at the hearing conducted on July 8, 2009, when it granted the State leave to file a petition for violation of probation and then continued his probation to September 2, 2009, which he argues effectively extended the probation days before it was set to expire on July 11, 2009. Defendant argues the probation extension violated his due process rights because the court extended his probation without first determining whether he violated any conditions of the probation. We must disagree.

¶ 37     As previously mentioned, the probation department mailed defendant a notice dated July 2, 2009, notifying him to appear in the Maywood court on July 8, 2009, to address allegations that he was in violation of his probation because he had failed to successfully complete sex-offender treatment. The notice informed defendant he would be afforded certain rights at the hearing, including the rights to present evidence and witnesses and to be represented by counsel or have counsel appointed if he was indigent.

¶ 38     Defendant appeared at the hearing without counsel. The court summarized the procedural history of the case in open court and then posed the following question: "Now, let me understand this. Is this a situation where the defendant has failed to cooperate or is this a situation where the service provider or the therapist has recommended an extension of treatment that cannot be done within the term time?" The probation officer responded she believed it was the latter.

¶ 39     The court then reviewed progress reports prepared by defendant's treating therapists. The reports explained that although defendant was in good standing with his treatment program, he required an additional six months to complete the program. After reviewing the reports, the court determined there was no indication that defendant was in violation of "anything."[1] The court stated, "[t]he only reason that this is here and I want this clear on the record is that the therapist says [defendant's] treatment cannot be completed within the term time."

¶ 40     The court granted the State leave to file a petition for violation of probation, but did not set a bond on the petition, and there was no judgment entered against defendant. The court then set the matter for September 2, 2009, to allow defendant time to participate in additional treatment sessions and to provide the adult probation department with an updated progress report on treatment. We find that the petition for violation of probation filed on July 8, 2009, tolled the period of probation.

_____

[1]The court's use of the information contained in the therapists' reports did not violate defendant's right of confrontation because the court did not rely on the information to prove the truth of the matter asserted, *i.e.*, that defendant was in violation of his probation, but rather, that he might require extra time to complete his sex-offender treatment.

- 7 -

¶ 41 Pursuant to section 5-6-4(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-6-4(a) (West 2010)), a petition alleging a violation or revocation of probation may toll a defendant's probationary term under certain circumstances. Section 5-6-4(a) of the Code provides in relevant part:

"Except in cases where conditional discharge or supervision was imposed for a petty offense ***, when a petition is filed charging a violation of a condition, the court may:

(1) in the case of probation violations, order the issuance of a notice to the offender to be present by the County Probation Department or such other agency designated by the court to handle probation matters ***[.]

* * *

Personal service of the petition for violation of probation or the issuance of such warrant, summons or notice shall toll the period of probation *** until the final determination of the charge, and the term of probation *** shall not run until the hearing and disposition of the petition for violation." 730 ILCS 5/5-6-4(a)(1) (West 2010).

¶ 42 In the instant case, the petition for violation of probation filed on July 8, 2009, was filed within the probationary period, which tolled the period of probation under the provisions of section 5-6-4(a) of the Code. Contrary to defendant's assertions, his period of probation was not extended in the ordinary sense. Rather, it was tolled for several years due to the filing of supplemental petitions for violation of probation based on his repeated arrests for failing to register as a sex offender and because he was in the process of attempting to complete his sex-offender treatment. The probationary period continued to run until disposition of the State's petitions for violations of probation on September 28, 2010, where defendant pled guilty to violating his probation. Consequently, the court properly exercised jurisdiction over the State's petitions for violations of probation. The court's judgment revoking defendant's probation and sentencing him to prison was not void for lack of jurisdiction.

¶ 43 Moreover, even if we considered the court's actions of July 8 as "effectively" extending the length of probation, such an action would be a modification of probation rather than the revocation of probation. Therefore, the instant case is not controlled by probation-revocation cases cited by defendant such as *People v. Lipscomb*, 332 Ill. App. 3d 322, 325 (2002), *People v. Barker*, 62 Ill. 2d 57, 59 (1975), and *People v. Hall*, 198 Ill. 2d 173, 177-78 (2001), where before a probationer's term of probation is revoked he must be advised of his right to counsel, or where there must be a finding that the probationer violated a condition of his probation before the probation can be extended. We review a trial court's decision to modify the conditions of probation for an abuse of discretion. *People v. Willard*, 92 Ill. App. 3d 74, 77 (1980); *People v. Birt*, 274 Ill. App. 3d 805, 811 (1995).

¶ 44 Section 5-6-4 of the Unified Code of Corrections (730 ILCS 5/5-6-4 (West 2010)) governs proceedings involving the modification of probation as well as the revocation of probation. *In re Detention of Kish*, 395 Ill. App. 3d 546, 553 (2009). Subsection (f) of section 5-6-4 concerns the modification of probation and provides in relevant part as follows: "The conditions of probation *** may be modified by the court on motion of the supervising agency or on its own motion or at the request of the offender after notice and a hearing." 730 ILCS

5/5-6-4(f) (West 2010). This subsection of the Code has been construed as vesting trial courts with the authority to deal with changing conditions during a defendant's probationary period. *People v. Tipton*, 88 Ill. 2d 256, 264-65 (1981).

¶ 45 "[M]odification of probation may be made upon the petitioner's showing that there are sufficient reasons to warrant modification of the sentence." *People v. Dinger*, 136 Ill. 2d 248, 257 (1990). "As opposed to a *** *revocation* proceeding, which implicates many of the procedural concerns of criminal due process [citations], the process due a defendant in a probation *modification* proceeding requires only 'notice and a hearing.' The State has neither the burden of going forward with the evidence nor of proving the desirability of the modification it may be seeking." (Emphases in original.) *People v. Strickland*, 211 Ill. App. 3d 183, 192 (1991).

¶ 46 In this case, defendant was given notice of his therapists' recommendations for additional time to complete his sex-offender treatment, because the recommendations were included in a progress report attached to the petition for violation of probation. Additionally, defendant received notice of the hearing to be conducted on the petition on July 8, 2009, where he was given the opportunity to present evidence and witnesses and to be represented by counsel or have counsel appointed if he was indigent.

¶ 47 Defendant appeared at the hearing without counsel and was afforded an opportunity to be heard. He presented no arguments as to why his probation should not be continued a few months to allow him time to complete his sex-offender treatment. Instead, he informed the court he was scheduled to meet with his therapist that evening and agreed to provide the court with an updated progress report at the next court date on September 2, 2009. Given these circumstances and the information provided to the court, we find it would have been within the court's discretion to modify defendant's probation by extending its length to allow him time to participate in additional sex-offender treatment sessions and to provide the court with an updated progress report.

¶ 48 Alternatively, defendant contends his sentence should be vacated and the cause remanded for resentencing. Defendant maintains that after his probation was revoked on September 28, 2010, the court sentenced him to three years' imprisonment without the benefit of a presentence investigation report as required by section 5-3-1 of the Code.[2] We agree with defendant's contentions.

---

[2]Section 5-3-1 of the Code provides:

"A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.

However, other than for felony sex offenders being considered for probation, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment." 730 ILCS 5/5-3-1 (West 2010).

¶ 49       Our supreme court has determined that under section 5-3-1 of the Code, prior to imposing a felony sentence following revocation of a defendant's probation, the trial court must first consider the defendant's presentence investigation report. *People v. Harris*, 105 Ill. 2d 290, 299 (1985). " 'The purpose of the requirement of a presentence investigation report is to insure that the trial judge will have all the necessary information concerning the defendant before sentence is imposed ***.' " *Harris*, 105 Ill. 2d at 299 (quoting *People v. Youngbey*, 82 Ill. 2d 556, 564 (1980)). "A complete disclosure of a criminal defendant's history of criminality leaves no excuse for the court to state it was not aware of that record prior to deciding whether to accept a plea agreement." *People v. Evans*, 273 Ill. App. 3d 252, 255 (1994). Moreover, because of the statute's mandatory nature, strict compliance is required; substantial compliance does not suffice. *Harris*, 105 Ill. 2d at 302-03.

¶ 50       This requirement, that the trial court order a presentence investigation report, may only be waived where both parties agree to the imposition of a specific sentence and where an on-the-record finding is made regarding the defendant's criminal history. *Harris*, 105 Ill. 2d at 300; see also *People v. Jennings*, 364 Ill. App. 3d 473, 484 (2005) (citing 730 ILCS 5/5-3-1 (West 2002)). Here, there is no indication that the parties agreed to the imposition of a specific sentence following revocation of the defendant's probation and there was no on-the-record finding regarding the defendant's criminal history.

¶ 51       The State maintains that a Rule 402 conference was held, which suggests that the imposed sentence of three years' imprisonment was agreed to by all parties. Although that is certainly a permissible finding by inference, the Rule 402 conference was held off the record and there is no affirmative evidence that the parties reached such an agreement following revocation of the defendant's probation. See *Jennings*, 364 Ill. App. 3d at 484-85 (although the parties may have possibly agreed to the imposition of a specific sentence during an off-the-record discussion, there was no affirmative evidence to that effect, and therefore the parties did not have the authority to waive the presentence investigation report requirement and the trial court did not have the authority to accept the purported waiver).

¶ 52       In addition, the court failed to make an on-the-record finding regarding the defendant's criminal history at the probation-revocation proceeding. Thus, assuming, *arguendo*, that the defendant's three-year sentence was agreed upon, the court still would have failed to strictly comply with the mandates of section 5-3-1 of the Code. See *People v. Olivarez*, 279 Ill. App. 3d 90, 100 (1996) ("in order for the trial court not to order a presentence investigation report, the parties must not only agree on the specific sentencing recommendation, but strict compliance must also be had regarding section 5-3-1 in establishing defendant's history of criminality and delinquency").

¶ 53       Accordingly, defendant's sentence must be vacated and the cause remanded for a new sentencing hearing. In light of our disposition of this issue, we do not reach the remaining issues raised on appeal.

¶ 54       For the foregoing reasons, defendant's conviction is affirmed. The sentence is vacated, and this cause is remanded for a new sentencing hearing.

¶ 55    Affirmed in part, vacated in part, and remanded with directions.