# Illinois Official Reports

## Appellate Court

---

### *People v. Sophanavong*, 2018 IL App (3d) 170450

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PHOUVONE V. SOPHANAVONG, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-17-0450 |
| Filed | November 14, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, No. 13-CF-613; the Hon. Michael E. Brandt and the Hon. Stephen A. Kouri, Judges, presiding. |
| Judgment | Sentence vacated; cause remanded. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Stewart J. Umholtz, State's Attorney, of Pekin (Patrick Delfino, David J. Robinson, and Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion.<br>Justice McDade concurred in the judgment and opinion.<br>Justice Schmidt dissented, with opinion. |

**OPINION**

¶ 1        Pursuant to a fully-negotiated plea agreement, defendant, Phouvone V. Sophanavong, pled guilty to first degree murder (720 ILCS 5/9-1(a)(3) (West 2012)) and was sentenced to 55 years in prison. Defendant filed a second amended motion to withdraw his guilty plea, alleging that his plea was not knowingly, understandingly, and voluntarily made and that he had been denied effective assistance of counsel at the time of the plea. Following a hearing, the trial court denied defendant's motion. Defendant appeals, arguing that the trial court's acceptance of the plea agreement was improper because the trial court did not have before it at the time a presentence investigation or any information regarding the dispositions that defendant received on his prior convictions as required by section 5-3-1 of the Unified Code of Corrections (Code) (730 ILCS 5/5-3-1 (West 2012)). We agree with defendant. We, therefore, vacate defendant's sentence and remand for a new sentencing hearing in strict compliance with section 5-3-1 of the Code.

¶ 2                                        FACTS

¶ 3        In December 2013, defendant was charged by indictment with three counts of first degree murder, one count of aggravated kidnapping, and one count of violation of an order of protection for the November 2013 kidnapping and shooting death of his estranged wife.

¶ 4        In April 2014, pursuant to a fully negotiated plea agreement, defendant pled guilty to one count of first degree murder and was sentenced to 55 years in prison (30 years for murder plus a 25-year sentencing enhancement for personally discharging a firearm during the offense that proximately caused the victim's death). Pursuant to the terms of the plea agreement, the State nol prossed the remaining charges and agreed not to file certain other charges. During the plea hearing, the State provided a factual basis for the plea and defense counsel confirmed that the State's rendition of the facts was consistent with the discovery that defense counsel had received. The trial court found that a factual basis existed for the plea and that the plea was knowingly and voluntarily made. The trial court inquired as to defendant's criminal history. The State informed the trial court that defendant had previously been convicted of manufacture or delivery of cannabis, a Class 1 felony, in a 2004 Tazewell County case and that defendant had also been convicted of a speeding offense and of a seatbelt offense. The State did not, however, report to the trial court the disposition on any of defendant's prior offenses. Upon inquiry, the parties informed the trial court that they were waiving a presentence investigation report (PSI). The trial court accepted the plea agreement and entered the agreed-upon conviction and sentence.

¶ 5        The following month, in May 2014, defendant filed a *pro se* motion to withdraw his guilty plea and raised, among other things, claims of ineffective assistance of counsel. Defendant did not raise, however, any claim regarding the waiver of a PSI or as to the lack of a disposition history for defendant's prior criminal offenses at the time of the plea. After inquiring into defendant's *pro se* claims of ineffective assistance of counsel, the trial court appointed new defense counsel (postplea counsel) to represent defendant in the proceedings on the motion.

¶ 6        In October 2014, postplea counsel filed an amended motion to withdraw guilty plea. In the amended motion, postplea counsel alleged that defendant's plea was not knowingly, understandingly, and voluntarily made for various reasons and that defendant had been denied effective assistance of counsel at the time of the plea. In the amended motion, however,

postplea counsel did not raise any claim regarding the waiver of a PSI or as to the lack of a disposition history for defendant's prior criminal offenses at the time of the plea. The State filed a response and opposed the amended motion. After a hearing, the trial court denied defendant's amended motion to withdraw guilty plea. Defendant appealed, and this court remanded the case for compliance with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). *People v. Sophanavong*, No. 3-14-0864 (Sept. 19, 2016) (letter ruling vacating and remanding with instructions).

¶ 7 On remand, defendant was again appointed counsel (postremand counsel). In May 2017, postremand counsel filed a second amended motion to withdraw guilty plea. In the second amended motion, postremand counsel again alleged that defendant's plea was not knowingly, understandingly, and voluntarily made and that defendant had been denied effective assistance of counsel at the time of the plea. No issue was raised, however, in the second amended motion regarding the waiver of a PSI or as to the lack of a disposition history for defendant's prior criminal offenses. After a hearing, the trial court denied defendant's second amended motion to withdraw guilty plea. Defendant appealed.

¶ 8                                    ANALYSIS

¶ 9 On appeal, defendant abandons his challenge to the trial court's ruling on his second amended motion to withdraw guilty plea and argues instead that his sentence should be vacated and the case remanded for a new sentencing hearing because the trial court failed to strictly comply with section 5-3-1 of the Code when it accepted the parties' plea agreement. More specifically, defendant asserts that vacation and remand are required under section 5-3-1 because no PSI was ordered and the trial court was not informed of the dispositions on defendant's prior criminal offenses when the trial court accepted the plea agreement and sentenced defendant.

¶ 10 The State argues that the trial court properly accepted defendant's fully negotiated guilty plea and that defendant's assertion on appeal should be rejected. In support of that argument, the State asserts first that because defendant's negotiated guilty plea is still in effect, defendant has no ability to challenge his sentence on appeal. The State makes that assertion based upon the decision in *People v. Haywood*, 2016 IL App (1st) 133201, ¶ 41, where the First District Appellate Court found, under similar circumstances, that the defendant could not challenge his sentence on appeal because his guilty plea and the negotiated plea agreement were still in effect. Second, and in the alternative, the State asserts that section 5-3-1 was complied with in this case because the trial court was sufficiently informed of defendant's criminal history; the trial court could reasonably infer, based upon its knowledge of the law and the circumstances of this case, the range of sentences that the defendant received for his prior convictions; and the trial court was able to assess the dangerousness of defendant from the factual basis that was provided. The State asks, therefore, that we affirm the trial court's judgment.

¶ 11 The issue in this case centers around section 5-3-1 of the Code, which states that:

"A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.

However, other than for felony sex offenders being considered for probation, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous

sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment.

The court may order a presentence investigation of any defendant." 730 ILCS 5/5-3-1 (West 2012).

Whether the trial court has complied with section 5-3-1 of the Code is a question of law that is subject to *de novo* review on appeal. *People v. Walton*, 357 Ill. App. 3d 819, 822 (2005).

¶ 12    The PSI requirement contained in section 5-3-1 is a mandatory legislative requirement that cannot be waived except as provided for in the statute. *People v. Youngbey*, 82 Ill. 2d 556, 564-65 (1980); *Walton*, 357 Ill. App. 3d at 821. The purpose of the requirement is to ensure that the trial court has all of the necessary information about the defendant, including the defendant's criminal history, before the trial court imposes a sentence. *Youngbey*, 82 Ill. 2d at 564; *Walton*, 357 Ill. App. 3d at 821. A defendant cannot waive the PSI requirement, other than as noted above, because the requirement serves not only to benefit the defendant, but also to enlighten the trial court and is a useful tool for the sentencing judge. *Youngbey*, 82 Ill. 2d at 565; *Walton*, 357 Ill. App. 3d at 821-22. Although section 5-3-1 is primarily concerned with making the sentencing judge aware of the dangerousness of a particular defendant, the lack of a criminal history is also relevant in determining the appropriateness of the sentence. *Walton*, 357 Ill. App. 3d at 822.

¶ 13    When the trial court is presented with a negotiated plea for an agreed-upon sentence, section 5-3-1 of the Code requires that the trial court be aware of the history of the defendant's criminality and delinquency in determining whether to accept the negotiated plea. *People v. Bryant*, 2016 IL App (5th) 140334, ¶ 49. Strict compliance with section 5-3-1 is mandatory. *People v. Harris*, 105 Ill. 2d 290, 302-03 (1985); *Bryant*, 2016 IL App (5th) 140334, ¶ 49. If the trial court fails to strictly comply with section 5-3-1, the sentence imposed must be vacated, and the case must be remanded for a new sentencing hearing so that the trial court can consider the defendant's criminal history before deciding if the negotiated sentence is appropriate. *Bryant*, 2016 IL App (5th) 140334, ¶ 49; *Walton*, 357 Ill. App. 3d at 824.

¶ 14    In the present case, there can be no dispute that the trial court did not strictly comply with section 5-3-1 of the Code when it accepted the fully negotiated plea agreement. See *Youngbey*, 82 Ill. 2d at 564-65; *Harris*, 105 Ill. 2d at 302-03; *Walton*, 357 Ill. App. 3d at 821-22; *Bryant*, 2016 IL App (5th) 140334, ¶ 49. Although the State provided the trial court with some information as to defendant's prior criminal history, no information whatsoever was presented as to the dispositions defendant received in his prior criminal cases. Defendant's sentence, therefore, must be vacated and the case remanded for a new sentencing hearing so that the trial court can be informed of defendant's history of delinquency and criminality before it determines whether the agreed-upon sentence is appropriate. See *Walton*, 357 Ill. App. 3d at 824; *Bryant*, 2016 IL App (5th) 140334, ¶ 50. Once informed, if the trial court determines that the sentence is appropriate, it should resentence defendant in accordance with the terms of the plea agreement. See *Walton*, 357 Ill. App. 3d at 824; *Bryant*, 2016 IL App (5th) 140334, ¶ 50. If the sentence is not appropriate, however, the trial court should allow defendant to withdraw his guilty plea. See *Walton*, 357 Ill. App. 3d at 824; *Bryant*, 2016 IL App (5th) 140334, ¶ 50. To the extent that the appellate court in *Haywood* reached a different conclusion (see *Haywood*, 2016 IL App (1st) 133201, ¶ 41), we respectfully disagree.

¶ 15                                    CONCLUSION

¶ 16        For the foregoing reasons, we vacate defendant's sentence and remand for further proceedings consistent with this ruling.


¶ 17        Sentence vacated; cause remanded.


¶ 18        JUSTICE SCHMIDT, dissenting:

¶ 19        I agree with the First District's opinion in *Haywood*. *Id.* I would affirm.