2023 IL App (1st) 221742-U

FOURTH DIVISION
Order filed: December 14, 2023

No. 1-22-1742

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of Cook |
| Plaintiff-Appellee, | ) | County. |
| | ) | |
| v. | ) | No. 14 CR 10421 |
| | ) | |
| MARKUS MANNIE, | ) | Honorable Stanley |
| | ) | J. Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio III concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirmed the defendant's sentence over his claim that the ten-month-old presentence investigation was inadequate where the defendant forfeited the claim by failing to object in the trial court and does not argue for plain-error review by this court.

¶ 2 Following a jury trial, the defendant, Markus Mannie, was found guilty of attempted first degree murder (720 ILCS 5/8-4, 9-1(a)(1) (West 2014)) and aggravated battery with a firearm (720 ILCS

5/12-3.05(e)(1) (West 2014)). The trial court merged the guilty findings and imposed a sentence of 28 years for attempted first degree murder. The defendant appealed arguing, *inter alia*, that the trial court erred during sentencing by considering a prior conviction that was void *ab initio* under *People v. Aguilar*, 2013 IL 112116. This court agreed with the defendant and held that the trial court erred when it relied, in aggravation, on the defendant's prior conviction for Aggravated Unlawful Use of a Weapon because the prior conviction was void *ab initio*. *People v. Mannie*, 2019 IL App (1st) 163135, ¶¶ 51-53. We affirmed the defendant's conviction, vacated his sentence, and remanded the case for resentencing. *Id.*, ¶ 55.

¶ 3 The facts related to the offense and defendant's trial are adequately set forth in our disposition of the defendant's prior appeal, and we do not find it necessary to repeat them here. See *People v. Mannie*, 2019 IL App (1st) 163135.

¶ 4 On remand, the trial court sentenced the defendant to 26 years' incarceration which included a 6-year sentence for attempted first degree murder and a 20-year enhancement for personally discharging a firearm. On appeal the defendant contends that the trial court erred during resentencing because the presentence investigation (PSI) used had been prepared 10 months earlier and should have been updated. For the reasons that follow, we affirm.

¶ 5 On remand, the trial court ordered the preparation of a PSI. The PSI was received on December 9, 2021. On September 23, 2022, the trial court conducted a sentencing hearing. At the beginning of the hearing, the State and the trial court discussed whether an updated PSI had been prepared. The following colloquy occurred:

"THE COURT: Was there a PSI done since he's been back?

MR. KLEIST [(ASSISTANT STATE'S ATTORNEY)]: One moment.

THE COURT: I would tend to think so, but I want to be sure.

I see a thing sticking up in the file with a blue back on it.

MR. KLEIST: Around December of 2021, I believe one was completed.

THE COURT: Correct. I have one here, December 9, 2021. We have a PSI done. We'll go ahead with the additional evidence, if there is any State."

During the hearing, the State did not present any witnesses in aggravation. The defendant called numerous good-character witnesses and spoke in allocution. Following argument by the parties, the trial court sentenced the defendant to 26 years' incarceration. The defendant filed a motion to reconsider the sentence which the trial court denied, and this appeal followed.

¶ 6 The defendant argues that he is entitled to a new sentencing hearing because the PSI used by the trial court was 10 months old at the time of the hearing. The State responds that the defendant has forfeited the claim by failing to object at sentencing. We agree with the State.

¶ 7 "[I]t is the duty of the parties to bring to the attention of the sentencing authority any alleged deficiency or inaccuracy in the presentence report." *People v. Tapia*, 2014 IL App (2d) 111314, ¶ 34. Here the defendant did not object to the alleged deficiency in the 10-month-old PSI during the sentencing hearing or in his post-sentencing motion to reconsider. In his reply brief, the defendant argues that the interaction between the State and the court was adequate to preserve his contention that the PSI was inadequate because too much time had elapsed since its preparation. The defendant cites nothing in the record to support this argument, and we find it patently without merit. Neither the court nor the State described the PSI as inadequate or raised any possible deficiency related to the delay between its preparation and the sentencing hearing. More importantly, it was the obligation of the defendant to object to the use of the PSI, yet defense counsel said nothing about the adequacy

of the PSI during the sentencing hearing and did not raise the issue in the defendant's post-sentencing motion.

¶ 8 Relying on the decision in *People v.* Harris, 105 Ill. 2d 290, 302 (1985), the defendant argues that a PSI can only be waived in accordance with Section 5-3-1 of the Unified Code of Corrections (Code) (730 ILCS 5/5-3-1 (West 2020)). However, the defendant's reliance on *Harris* is misplaced. *Harris* addresses the absence or complete inadequacy of a PSI while here the defendant is challenging only the age of the PSI, and he has not alleged that the PSI is otherwise inadequate. The plain language of section 5-3-1 of the Code identifies when the parties may agree to waive a PSI completely but makes no mention regarding a time limit for the use of a PSI. See 730 ILCS 5/5-3-1 (West 2020).

¶ 9 In its brief, the State also addresses the question as if the defendant had raised it under the plain-error doctrine. We find it unnecessary to do likewise. When a defendant fails to argue for plainerror review, he forfeits the issue for review. See *People v. Hillier*, 237 Ill. 2d 539, 545-46 (2010). Here, the defendant does not argue for plain-error review and the issue is, therefore, forfeited.

¶ 10 Based on the foregoing analysis, we conclude the defendant has forfeited any claim of error resulting from the trial court's use of an allegedly stale PSI in sentencing him on remand to 26 years' incarceration. It is for this reason that we affirm the judgment of the trial court.

¶ 11    Affirmed.